**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:17-CV-24284-KING/SIMONTON**

| | |
|---|---|
| **MICHAEL FOX,** | ) |
| **on behalf of himself and all others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **THE RITZ-CARLTON HOTEL COMPANY,** | ) |
| **L.L.C. ,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**AMENDED CLASS ACTION COMPLAINT**</u>

<u>**Preliminary Statement**</u>

Plaintiff Michael Fox, on behalf of himself and all others similarly situated, brings this complaint against The Ritz-Carlton Hotel Company, L.L.C. ("Ritz-Carlton"), and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys, and says:

**I.      <u>NATURE OF THE CASE</u>**

1.      This is a consumer class action brought on behalf of people who, from four years prior to filing of this Complaint through and including the date of judgment (the "Class Period"), purchased food and/or drinks at a restaurant, bar, mini-bar, lounge and/or other public food service establishment owned, operated and/or controlled by Defendant in the State of Florida and were charged a gratuity or service charge in violation of Florida Statute 509.214, and the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA").   Defendant

1

violated these Florida statutes in a number of ways, including but not limited to: unlawfully including an automatic gratuity or service charge of an amount equal to or approximately 18-20% of the charges for food and beverages without providing the statutorily required notice; presenting the notice of an automatic gratuity or service charge in small, hard to read type; hiding the notice on one page of a multi-page menu; and, claiming the automatic charges were suggested gratuities for the customer's convenience that could be adjusted higher, lower, or removed entirely from the bill when, in reality, they were mandatory charges.  Defendant also improperly charged taxes on the gratuity amounts in violation of Rule 12A-1.0115 of the Florida Administrative Code.

## II.  <u>JURISDICTION AND VENUE</u>.

2.  The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendant's home state, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendant and/or its agent were doing business in Florida; and/or Defendant is otherwise subject to personal jurisdiction in this judicial district.

4.  The Court has personal jurisdiction over Ritz-Carlton because the conduct giving rise to Plaintiff's claims occurred in Florida and Ritz-Carlton conducts business transactions in Florida.

## III.  <u>PARTIES</u>

5.  Plaintiff Michael Fox is a citizen and resident of New York.

6.      Defendant Ritz-Carlton is a Delaware corporation with its principal place of business in Maryland.   Ritz-Carlton owns, operates, manages and/or controls ten hotel properties in the State of Florida.   Ritz-Carlton has Florida licenses to operate as a hotel and to provide permanent food service.

## IV.   <u>FACTUAL ALLEGATIONS</u>

7.      Throughout the Class Period, Defendant owned, operated, managed and/or controlled ten hotel properties in the State of Florida including The Ritz-Carlton, Amelia Island; The Ritz-Carlton Bal Harbour, Miami; The Ritz-Carlton Coconut Grove, Miami; The Ritz-Carlton, Fort Lauderdale; The Ritz-Carlton, Key Biscayne, Miami; The Ritz-Carlton, Naples; The Ritz-Carlton Golf Resort, Naples; The Ritz-Carlton Orlando, Grande Lakes; The Ritz-Carlton, Sarasota; The Ritz-Carlton, South Beach.

8.      Each of the Ritz-Carlton hotels in the State of Florida is a public food service establishment, including public food service establishments located on the premises such as restaurants, lounges, bars, grills, etc.   Hereinafter, such establishments located at Ritz-Carlton hotels will be referred to as "restaurants."

9.      Ritz-Carlton also provides food, drinks, and other snacks available for purchase in a customer's hotel room through the use of room service and mini-bars.

10.     Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "<u>Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included</u>."

11.     FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any

trade or commerce" to be unlawful.

12.     Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1) states:

Each business shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip . . . This notice shall be posted conspicuously, either on a sign or in a statement on the business's menu or price listing in the same form and manner as the other items on the menu or price listing, and written in a legible manner in English, Spanish and Creole. (Ord. No. 99-163, § 1, 12-7-99) (emphasis added)

13.     Rule 12A-1.0115(7) of the Florida Administrative Code (F.A.C.) states:

(7) GRATUITIES.

(a)     Any charge made by a dealer to a customer for gratuities, tips, or similar charges is a part of the taxable sales price of the food or drinks except when:

        1.   The charge is separately stated as a gratuity, tip, or other charge on the customer's receipt or other tangible evidence of sale; and,

        2.   The dealer receives no monetary benefit from the gratuity.  Money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

(b)     The charge for room service made by hotels for serving meals in guests' rooms is included in the total price of the meal and is subject to tax.

(c)     Service charges, minimum charges, corkage fees, setup fees, or similar charges imposed by a restaurant, tavern, nightclub, or other like place of business as part of the charge for furnishing, serving, or preparing food products are subject to tax.

**A.      Factual Allegations Regarding Ritz-Carlton's Deceptive Practices**

14.     Ritz-Carlton violates Florida law at the restaurants in its hotels in the State of Florida by failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check.

15.     Ritz-Carlton violates Florida law at these restaurants through a variety of deceptive practices, including but not limited to:

4

a.      Failing to provide any notice or otherwise disclose on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check;

b.      Failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is written in small type, often in a difficult to read italicized font;

c.      Failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is only found on one page of a multi-page menu;

d.      Providing notice on the restaurant menu stating that a suggested gratuity would be added to the customer's check and that the customer should feel free to raise, lower or remove the gratuity at the customer's discretion, however, when the check arrives, there is a mandatory gratuity or service charge added;

e.      Providing notice on the restaurant menu stating that an automatic gratuity would be added to the customer's check, however, when the check arrives the gratuity is referred to as a service charge, with a line below the total allowing a customer to add an "Additional Gratuity";

f.      Providing notice in the customer's hotel room that drinks and snacks taken from the mini-bar would include an automatic gratuity or service charge, however, no bill or check for these charges is ever provided to the customer; and

g.      Improperly charging tax on gratuities that are automatically added to the customer's check or bill.

5

**B.**     **Factual Allegations Regarding Plaintiff's Experiences at Ritz-Carlton**

16.     On April 5, 2017, Michael Fox ("Plaintiff" or "Representative Plaintiff") went to the Key Pantry restaurant located at The Ritz-Carlton Key Biscayne hotel located in Miami, Miami-Dade County, Florida.

17.     Plaintiff ordered and was served food and/or beverages from the menu.

18.     When he was done eating, Plaintiff was presented with a restaurant bill ("the check").

19.     An automatic gratuity of 18% was included with the charges for food and beverages on the check.

20.     There was no mention on the restaurant's menu, neither on the hard copy provided to Plaintiff in the restaurant nor on the menu posted online on the hotel's website, that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

21.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on his check.

22.     Plaintiff paid the check in full.

23.     On April 5, 2017, Plaintiff went to the Cantina Beach restaurant located at The Ritz-Carlton Key Biscayne hotel located in Miami, Miami-Dade County, Florida.

24.     Plaintiff ordered and was served food and/or beverages from the menu.

25.     The menu stated in small type that was in a different manner and form than the other items on the menu, "A suggested 18% gratuity will be added to your check for your convenience."

26.     When he was done eating, Plaintiff was presented with the check.

27.     An automatic gratuity of 18% was included with the charges for food and

beverages on the check.

28.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on his check.

29.     Plaintiff paid the check in full.

30.     On April 6, 2017, Plaintiff went to the Lightkeepers restaurant located at The Ritz-Carlton Key Biscayne hotel located in Miami, Miami-Dade County, Florida.

31.     Plaintiff ordered and was served food and/or beverages from the menu.

32.     The menu stated in small, italicized type that was in a different manner and form than the other items on the menu, "A suggested 18% gratuity will be added to your check. Please feel free to raise, lower, or remove this gratuity at your discretion."

33.     When he was done eating, Plaintiff was presented with the check.

34.     Rather than a suggested gratuity that could be raised, lowered or removed from the check, there was a mandatory 18% service charge included.

35.     The 18% service charge amount was included in the calculation of the charged taxes, despite the menu indicating that any automatic fee would be a non-taxable gratuity.

36.     Below the check total, there was an extra line for Plaintiff to add an "Additional Gratuity."

37.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on his check.

38.     Plaintiff paid the check in full.

39.     The improper activities and conduct by Defendant alleged herein is continuing and will be repeated in the future.

40.     Plaintiff faces an actual and imminent threat of future injury because Defendant's

improper conduct continues, and he is unable to rely on Defendant's compliance with applicable law in the future.  If Defendant conformed its conduct to comply with Florida law, Plaintiff would consider purchasing food and/or beverages from Defendant's restaurants in the future.

41.     The acts alleged against Ritz-Carlton that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of Ritz-Carlton's business.

## V.      CLASS ACTION ALLEGATIONS

42.     The Representative Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a public food service establishment at a Ritz-Carlton hotel in Florida during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity or service charge.

43.     Excluded from the Class are Ritz-Carlton and its officers, directors, agents, employees, counsel and its subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

44.     The members of the Class are so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Defendant, Plaintiff avers, upon information and belief, that Defendant served and charged hundreds of thousands of customers during the class period.

45.     There are questions of law and fact common to the Class that predominate over

any questions affecting only individual Class members. The common questions include whether:

        a.      Ritz-Carlton engaged in the conduct alleged herein;

        b.      Ritz-Carlton decided to or agreed to add a hidden automatic gratuity or service charge to restaurant and bar bills;

        c.      Ritz-Carlton violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

        d.      Ritz-Carlton used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its hotel business;

        e.      Ritz-Carlton made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

        f.      Ritz-Carlton's conduct violates consumer protection statutes, trade practices statutes as asserted herein;

        g.      Ritz-Carlton's conduct was part of a pattern or practice;

        h.      Plaintiff and Class Members overpaid for their food and beverages at Ritz-Carlton's hotels and, if so, by how much;

        i.      Plaintiff and Class Members could reasonably have avoided the injury and harm;

        j.      Plaintiff and Class Members are entitled to equitable relief, including, but not limited to, declarative and injunctive relief and restitution; and

        k.      Plaintiff and Class Members are entitled to actual damages and other monetary relief.

      46.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

47.     The Representative Plaintiff will fairly and adequately protect the interests of the Class.  Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims.  Neither Representative Plaintiff nor his counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

48.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

49.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

50.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of Class Members in individually controlling the prosecution of separate claims against Ritz-Carlton is slight because of the sheer number of claims against the Defendant and complexity of the matter.

51.     Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims.  The identities of the Class Members may be obtained from Defendant's records.

## VI.    CAUSES OF ACTION

### COUNT I
### *Per Se* Violations of the Florida Unfair and Deceptive Trade Practices Act

52.    Plaintiff incorporates the paragraphs above as if fully set forth herein.

53.    Ritz-Carlton owns, operates, manages and/or controls public food service establishments located in its hotels under Fla. Stat.  509.214.

54.    Ritz-Carlton restaurants include an automatic gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service establishments in the Ritz-Carlton hotels.

55.    Ritz-Carlton violated Florida law by failing to include on the restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

56.    Upon information and belief, Ritz-Carlton restaurants that fail to include notice on a menu that an automatic gratuity or service charge is added to the customer's bill, include but are not limited to:

a.    Key Pantry – Ritz-Carlton, Key Biscayne

b.    Ocean Bar & Grill – Ritz-Carlton, Amelia Island

c.    Salt – Ritz-Carlton, Amelia Island

d.    The Lobby Bar – Ritz-Carlton, Amelia Island

e.    Pool Bar & Grill – Ritz-Carlton Bal Harbour

f.    Burlock Coast – Ritz-Carlton, Fort Lauderdale

g.    Poolside Café – Ritz-Carlton, Fort Lauderdale

h.    Afternoon Tea – Ritz-Carlton, Naples

i.    Bites – Ritz-Carlton, Naples

11

j.      Dusk – Ritz-Carlton, Naples

k.      Gumbo Limbo – Ritz-Carlton, Naples

l.      Terrazza – Ritz-Carlton, Naples

m.      The Grill – Ritz-Carlton, Naples

n.      Pool Side Cafe – Ritz-Carlton, Naples

o.      Bella Vista – Ritz-Carlton Golf Resorts

p.      Lemonia – Ritz-Carlton Golf Resorts

q.      The Poolside Grill – Ritz-Carlton Golf Resorts

r.      Bleu – Ritz-Carlton Orlando

s.      Fairways Pub – Ritz-Carlton Orlando

t.      Highball & Harvest – Ritz-Carlton Orlando

u.      Norman's – Ritz-Carlton Orlando

v.      The Golf Club Grille – Ritz-Carlton, Sarasota

w.      Tatel – Ritz-Carlton, South Beach

57.     Ritz-Carlton's acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

58.     Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

59.     Ritz-Carlton's acts and omissions for those restaurants located in Miami-Dade County constitute violations of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1), Ord. No. 99-163.

60.     Miami-Dade County Ord. No. 99-163 is a rule or regulation related to trade or

commerce that requires disclosure of certain automatic charges that a customer must pay.

61.     FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce.

62.     As a result, Ritz-Carlton's failure to provide the statutorily required notice of an automatic gratuity or service charge constitutes *per se* violations of FDUTPA.

63.     As a direct and proximate result of Ritz-Carlton's *per se* violations of FDUTPA, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

**COUNT II**
**<u>Violations of the Florida Unfair and Deceptive Trade Practices Act</u>**

64.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

65.     Ritz-Carlton conducts trade or commerce under Fla. Stat. § 501.202(2).

66.     Ritz-Carlton violated Florida law by engaging in the following conduct:

a.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure to customers including Plaintiff and the Plaintiff class;

b.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

c.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure because the notice provided is only found on one page of a multi-page menu;

d.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by providing notice on the restaurant menu stating that a suggested gratuity would

be added to the customer's check that the customer could raise, lower or remove at their discretion, however, when the check arrives, the added gratuity or service charge is mandatory;

      e.      unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by providing notice on the restaurant menu stating that an automatic gratuity would be added to the customer's check, however, when the check arrives the gratuity is referred to as a service charge, with a line below the total allowing a customer to add an "Additional Gratuity" causing confusion about the nature of the charge;

      f.      falsely representing that higher charges for food and beverages were part of the cost of the food and/or beverages ordered by Plaintiff and the Plaintiff class;

      g.      failing to disclose the automatic gratuities or service charges;

      h.      failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

      i.      injury, loss and damages were likely as a result of the failure to disclose the information concerning automatic gratuity or service charges;

      j.      otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

67.      Ritz-Carlton's acts and practices described above were done with intentional and/or negligent disregard for Plaintiffs' rights under the law and with the purpose of taking more money from Plaintiff and Class Members than the fair market value reflected in the menu price for food and beverages.

68.      Upon information and belief, Ritz-Carlton restaurants that violated Florida law as described above include but are not limited to:

a.      Cantina Beach – Ritz-Carlton, Key Biscayne

b.      Dune – Ritz-Carlton, Key Biscayne

c.      Key Pantry – Ritz-Carlton, Key Biscayne

d.      Light Keepers – Ritz-Carlton, Key Biscayne

e.      Rumbar – Ritz-Carlton, Key Biscayne

f.      Scoop – Ritz-Carlton, Key Biscayne

g.      Coast – Ritz-Carlton, Amelia Island

h.      Ocean Bar & Grill – Ritz-Carlton, Amelia Island

i.      Salt – Ritz-Carlton, Amelia Island

j.      The Lobby Bar – Ritz-Carlton, Amelia Island

k.      The Pub – Ritz-Carlton, Amelia Island

l.      Artisan Beach House – Ritz-Carlton Bal Harbour

m.      Pool Bar & Grill – Ritz-Carlton Bal Harbour

n.      Bizcaya – Ritz-Carlton Coconut Grove

o.      Lazuli Lounge – Ritz-Carlton Coconut Grove

p.      Poolside Cafe – Ritz-Carlton Coconut Grove

q.      Burlock Coast – Ritz-Carlton, Fort Lauderdale

r.      Poolside Cafe – Ritz-Carlton, Fort Lauderdale

s.      =H2O+  – Ritz-Carlton, Naples

t.      Afternoon Tea – Ritz-Carlton, Naples

u.      Bites – Ritz-Carlton, Naples

v.      Dusk – Ritz-Carlton, Naples

w.      Gourmet Shop – Ritz-Carlton, Naples

x.      Gumbo Limbo – Ritz-Carlton, Naples

y.      Terrazza – Ritz-Carlton, Naples

z.      The Grill – Ritz-Carlton, Naples

aa.     The Pool Side Cafe – Ritz-Carlton, Naples

bb.     Bella Vista – Ritz-Carlton Golf Resorts

cc.     Lemonia – Ritz-Carlton Golf Resorts

dd.     Poolside Grill – Ritz-Carlton Golf Resorts

ee.     Bleu – Ritz-Carlton Orlando

ff.     Café Bodega – Ritz-Carlton Orlando

gg.     Citron – Ritz-Carlton Orlando

hh.     Fairways Pub – Ritz-Carlton Orlando

ii.     Highball & Harvest – Ritz-Carlton Orlando

jj.     Lobby Lounge – Ritz-Carlton Orlando

kk.     Norman's – Ritz-Carlton Orlando

ll.     Primo – Ritz-Carlton Orlando

mm.     Sushi Bar – Ritz-Carlton Orlando

nn.     Vitale, Spa Cafe – Ritz-Carlton Orlando

oo.     Whisper Creek Farm: The Kitchen – Ritz-Carlton Orlando

pp.     Jack Dusty – Ritz-Carlton, Sarasota

qq.     The Beach Club Grill – Ritz-Carlton, Sarasota

rr.     The Golf Club Grille – Ritz-Carlton, Sarasota

ss.     Bistro One – Ritz-Carlton, South Beach

tt.     Dilido Beach Club – Ritz-Carlton, South Beach

uu.     Lapidus Bar – Ritz-Carlton, South Beach

vv.     Lobby Bar – Ritz-Carlton, South Beach

ww.    Tatel – Ritz-Carlton, South Beach

69.     Ritz-Carlton was engaged in the unconscionable, unfair, and deceptive acts set forth in this Amended Complaint in the conduct of trade or commerce.

70.     The information related to automatic gratuities or service charges Ritz-Carlton withheld and failed to disclose on its menus was material.

71.     Ritz-Carlton's acts and practices described are objectively likely to mislead customers like Plaintiff and Class members acting reasonably in the same circumstances.

72.     Ritz-Carlton's conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

73.     As a direct and proximate result of Ritz-Carlton's unfair and deceptive trade practices, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

**COUNT III**
**Violations of Rule 12A-1.0115 of the Florida Administrative Code**

74.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

75.     During the Class Period, Ritz-Carlton improperly charged Plaintiff and Class members sales tax on the automatic gratuity or service charge amounts added to their checks.

76.     Rule 12A-1.0115(7) of the F.A.C. describes when a gratuity, tip or similar charge is part of the taxable sale price of food or drinks that restaurants, hotels, or other like places of business must collect.

77.     Rule 12A-1.0115(7)(a) states that gratuities, tips or similar charges are not part of

the taxable sale price when:

    i.  the charge is separately stated as a gratuity, tip, or other charge on the customer's receipt or other tangible evidence of sale; and,

    ii.  the dealer receives no monetary benefit from the gratuity.

78.    Rule 12A-1.0115(7)(a)(2) states that money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

79.    Upon information and belief, Ritz-Carlton receives no monetary benefit from the gratuities, tips, or other charges collected from its customers.

80.    Ritz-Carlton leads customers to believe that the automatic charges applied to customers' checks are gratuities being paid directly to the servers, as opposed to service charges imposed by the restaurant as part of the charge for furnishing, serving, or preparing the food.

81.    Rule 12A-1.014(4) states that a taxpayer who has overpaid tax to a dealer, or who has paid tax to a dealer when no tax is due, must secure a refund of the tax from the dealer and not from the Department of Revenue.

82.    On certain menus, Ritz-Carlton states automatic charges will be applied to the customer's check, referring to the charges as gratuities; however, when the check arrives, the automatic charge is referred to as a service charge and the amount of the automatic charge is included in the calculated tax charged to the customer.

83.    As a direct and proximate result of Ritz-Carlton's violations of Rule 12A-1.0115 of the F.A.C., Plaintiff and Class members suffered actual damages and are entitled to secure a refund as compensatory relief as set forth below.

## COUNT IV
## Declaratory Judgment

84.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

85.     FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action to obtain declaratory judgment that an act or practice violates this part."

86.     Ritz-Carlton's acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to a judgment declaring Ritz-Carlton's conduct to be in violation of Florida law as alleged.

## COUNT V
## Injunctive Relief

87.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

88.     FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action . . . to enjoin a person who has violated, is violating, or is otherwise likely to violate this part."

89.     Ritz-Carlton's acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to injunctive relief directing Defendant to discontinue the unlawful acts and practices alleged by conspicuously placing notice on the menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or alternatively, to no longer add automatic gratuities or service charges to customers' bills.

## VII.   DEMAND FOR JURY TRIAL

90.     Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendant Ritz-Carlton with the entry of an order:

A.      certifying the proposed Class under Rule 23 of the Federal Rules of Civil

Procedure and appointing Plaintiff and his counsel to represent the Class;

B.      entering a judgment declaring that Defendant's acts and omissions as described

above are in violation of Florida law as alleged;

C.      an injunction directing Defendant to discontinue the unlawful acts and practices

by conspicuously placing notice on menus and the face of bills provided to customers that

automatic gratuities or service charges will be included, or, alternatively, to no longer add

automatic gratuities or service charges to customers' bills;

D.      awarding actual damages;

E.      awarding reasonable attorneys' fees, costs and prejudgment and post-judgment

interest pursuant to law; and

F.      granting such other and further relief as may be just and proper.


Dated: February 15, 2018                          Respectfully submitted,
                                                  **MICHAEL FOX**

                                          By:     _s/ David M. Marco_____
                                                  Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS & MAILMAN, P.C.**
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Trial Counsel
Land Title Building, Suite 1902
100 South Broad Street

Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Lewis J. Saul (*pro hac vice*)
Edward A. Coleman (*pro hac vice*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
lsaul@lewissaul.com
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that on **February 15, 2018,** I filed the foregoing document with the Clerk of the Court via the CM/ECF electronic filing system.  I also certify that the foregoing document is being served this day on all counsel of record identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel not authorized to receive electronically Notices of Electronic Filing.

Richard Hutchinson
Scott Ponce
Rodolfo Sorondo
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131


*s/ David M. Marco*
David M. Marco