UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-24284-JLK

MICHAEL FOX, on behalf
of himself and all others
similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON
HOTEL COMPANY, LLC

    Defendant.
_____/

**ORDER DISMISSING CASE**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

**THIS MATTER** comes before the Court upon a *sua sponte* review of the record.[1]

As background, in his Amended Class Action Complaint (DE 17),[2] Plaintiff alleges that Defendant Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") has a practice of "failing to provide adequate notice on [its] restaurant[s'] menu[s] that an automatic gratuity or service charge of any amount [is] added to a customer's check" (*id.* ¶ 14), and that this practice is deceptive in violation of the FUDTPA (*see id.* ¶¶ 14–15). Plaintiff then alleges that he personally ate at three restaurants at the Ritz-Carlton Key Biscayne Hotel that each added an 18% automatic gratuity to his bill without adequate notice, and that each time he was "unaware" that this would be done (*id.* ¶¶ 16–40). Plaintiff alleges the first restaurant at which he dined,

---

[1] The Court has additionally considered Defendant's Motion to Dismiss Amended Class Action Complaint (DE 22), filed March 12, 2018; Plaintiff's Opposition (DE 25), filed April 9, 2018; and Defendant's Reply (DE28), filed April 23, 2018.

[2] Plaintiff amended his original complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

Key Pantry, provided no notice of an automatic gratuity charge on the menu, or on the menu posted online on the hotel's website (*id.* ¶¶ 16–22); at the second restaurant, Cantina Beach, the menu stated "A suggested 18% gratuity will be added to your check for your convenience," although "in small type that was in a different manner and form than the other items on the menu" (*id.* ¶¶ 23–25); and at the third restaurant, Lightkeepers, the menu stated "A suggested 18% gratuity will be added to your check. Please feel free to raise, lower, or remove this gratuity at your discretion," although "in small, italicized type that was in a different manner and form than the other items on the menu," and below the check total, Plaintiff alleges, there was an extra blank line labeled "Additional Gratuity" (*id.* ¶¶ 30–32, 36). Plaintiff further alleges that Defendant's restaurants charged sales tax on the gratuity in violation of Florida Rule 12A-1.0115 (*see id.* ¶¶ 75–78). In his Amended Complaint, Plaintiff proposes the following class:

> All persons who were customers of a public food service establishment at a Ritz-Carlton hotel in Florida during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity or service charge.

(*id.* ¶ 42).

This case poses no federal question. Plaintiff relies on the Class Action Fairness Act to support this Court's jurisdiction (*see id.* ¶ 2), which requires minimal diversity of citizenship and an aggregate amount-in-controversy of $5 million. 28 U.S.C. § 1332(d). Plaintiff alleges he is a citizen of New York, and Defendant is incorporated in Delaware corporation with a principal place of business in Maryland (*id.* ¶ 5–6). However, Plaintiff must also plausibly allege that the state law violations he alleges, if proven, would have caused damages to the proposed class in excess of $5 million.

As a preliminary matter, Plaintiff's Amended Complaint only alleges that Plaintiff visited three restaurants: Key Pantry, Cantina Beach, and Lightkeepers. As Defendant notes in its

Motion to Dismiss, Plaintiff has no standing to bring claims alleging unfair or deceptive practices as to restaurants or food establishments he does not allege he visited, because he has not suffered injury-in-fact fairly traceable to any of those other restaurants. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Grifin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987). Consequently, all of Plaintiff's claims as to "public food service establishment[s] at a Ritz-Carlton hotel in Florida" other than Key Pantry, Cantina Beach, and Lightkeepers must be dismissed for lack of subject-matter jurisdiction.

As a corollary, Plaintiff has no standing to bring a class action even as to Key Pantry, Cantina Beach, and Lightkeepers for days other than April 5 and 6, 2017, when he alleges he visited them. His individual experience at the restaurants on these two occasions does not necessarily generalize to class members who would have visited the restaurants in other time periods. Facts critical to Plaintiff's claim, including notice of the 18% gratuity policy on the menu and posted on the wall, could have changed numerous times throughout the "Class Period," a term which is nowhere defined in the Amended Class Action Complaint.

Given these basic points, it is clear that Plaintiff has not sufficiently alleged a basis that his individual claims that Defendant's practices were unfair or deceptive in violation of state law to support a class action that meets the jurisdictional threshold of $5 million. The problematic nature of alleging the jurisdictional threshold here is even more pronounced when one realizes that, due to principles of Article III standing, Defendant could only be liable to a given class member for the amount of gratuity the class member paid in excess of what he or she *would* have paid in gratuity absent the allegedly deceptive automatic 18% gratuity. Many class members would have been aware of the customary payment of 15-20% gratuity at a restaurant (if not the

3

common practice at international hotels to automatically add gratuity), so that while the amount Plaintiff would otherwise have paid in gratuity may well have been zero, many customers would have paid 15% gratuity, some others 25%. This stands in stark contrast to a fee *entirely* hidden from customers, for which it would be straightforward to determine whether the $5 million jurisdictional threshold is met, due to questions of fact common to the class.

In addition, as Defendant points out in its Motion to Dismiss, Plaintiff lacks standing to bring his third claim because the provision he cites, Florida Rule 12A-1.0115, which governs Florida's taxing of food products sold in restaurants, conspicuously omits a private right of action. *See* Fla. Admin Code Ann. r. 12A-1.0115 (2017). Moreover, Plaintiff has not alleged compliance with the administrative process for obtaining a tax refund, which is a condition precedent for filing a lawsuit to obtain a tax refund under Florida law unless the tax is alleged to be unconstitutional. *See Dep't of Revenue v. Nemeth*, 733 So. 2d 970, 974 (Fla. 1999).

For these reasons, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Amended Class Action Complaint **(DE 17)** is hereby **DISMISSED for lack of subject-matter jurisdiction.** The Clerk shall **CLOSE** this case and **DENY as moot** all pending motions.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 22nd day of January, 2019.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**