UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24284-CIV-COOKE

MICHAEL FOX,
on behalf of himself and
all other similarly situated,

     Plaintiff,

vs.

THE RITZ-CARLTON HOTEL COMPANY LLC.,

     Defendant.

_____/

## DEFENDANT'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

Defendant The Ritz-Carlton Hotel Company LLC ("Ritz-Carlton"), in paragraphs corresponding to the paragraphs of the amended class action complaint (DE 17), answers the allegations as follows:

### Nature Of The Case

1.    Defendant admits that this purports to be such an action, but otherwise denies the allegations contained in this paragraph.

### Jurisdiction And Venue

2.    Denied.

3.    Defendant admits that venue is appropriate in this District, but otherwise denies the allegations contained in this paragraph.

4.    Defendant admits that a court in Florida can exercise personal jurisdiction over it, but otherwise denies the allegations contained in this paragraph.

**Parties**

5.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

6.      Defendant admits that it operates and manages ten hotels in Florida, but otherwise denies the allegations in this paragraph.

**Factual Allegations**

7.      Defendant admits that it operates and manages those hotels, but otherwise denies the allegations in this paragraph.

8.      Defendant admits that food is served at the hotels, but this paragraph seems to be using terms of art that are not defined in the amended complaint and, on that basis, the allegations are denied.

9.      Defendant admits that food, drinks, and snacks can be purchased in the hotels' guest rooms, and that the hotels provide room service, but Defendant otherwise denies the allegations in this paragraph and cannot admit that there is a mini-bar in every guest room.

10.     Defendant refers the Court to the quoted statute for its content, and otherwise denies the allegations in this paragraph.

11.     Defendant refers the Court to the quoted statute for its content, and otherwise denies the allegations in this paragraph.

12.     Defendant refers the Court to the quoted ordinance for its content, and otherwise denies the allegations in this paragraph.

13.     Defendant refers the Court to the quoted rule for its content, and otherwise denies the allegations in this paragraph.

14.     Denied.

15.     Denied (including all subparagraphs).

16.     Admitted.

17.     Admitted.

18.     Defendant admits that Plaintiff was presented with a bill, but lacks knowledge or information sufficient to admit or deny if Plaintiff had finished eating at the time that it was presented to him.

19.     Defendant admits that a suggested gratuity appeared on the bill, but otherwise denies the allegations in this paragraph.

20.     Denied.

21.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Defendant refers the Court to the menu for its content and appearance, and otherwise denies the allegations in this paragraph.

26.     Defendant admits that Plaintiff was presented with a bill, but lacks knowledge or information sufficient to admit or deny if Plaintiff had finished eating at the time that it was presented to him.

27.      Defendant admits that a suggested gratuity appeared on the bill, but otherwise denies the allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Defendant refers the Court to the menu for its content and appearance, and otherwise denies the allegations in this paragraph.

33.     Defendant admits that Plaintiff was presented with a bill, but lacks knowledge or information sufficient to admit or deny if Plaintiff had finished eating at the time that it was presented to him.

34.     Defendant admits that a suggested gratuity appeared on the bill, but otherwise denies the allegations in this paragraph.

35.     Defendant is not required to respond to the allegations in this paragraph because they relate to a claim that was dismissed, and the dismissal of that claim was affirmed on appeal.

36.     Admitted.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

38.     Admitted.

39.     Denied.

40.     Denied.

41.     Denied.

**Class Action Allegations**

42.     Defendant admits that Plaintiff purports to bring this action on behalf of such a class, but denies that such a class exists or that such a class of people could assert claims against

Defendant.   Defendant also denies that such a class meets the requirements of Rule 23 or is otherwise capable of being certified.

43.     Defendant admits that Plaintiff purports to exclude from the class the categories of people identified in this paragraph, but otherwise denies the allegations in this paragraph.

44.     Denied.

45.     Denied (including all subparagraphs).

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

**Count I**
***Per Se* Violations of the Florida Unfair and Deceptive Trade Practices Act**

52.     Defendant adopts the responses set forth above.

53.     Defendant admits that it operates and manages restaurants at hotels, but otherwise denies the allegations in this paragraph..

54.     Defendant admits that some restaurants include suggested gratuities on their bills, denies that all of the restaurants do so, and otherwise denies the allegations in this paragraph.

55.     Denied.

56.     Denied (including all subparagraphs).

57.     Denied, including that the cited statute can serve as a predicate for a *per se* violation of FDUTPA.

58.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, including that the cited statute can serve as a predicate for a *per se* violation of FDUTPA.

59.     Denied, including that the cited ordinance can serve as a predicate for a *per se* violation of FDUTPA.

60.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, including that the cited ordinance can serve as a predicate for a *per se* violation of FDUTPA.

61.     Defendant refers the Court to the quoted statute for its content, and otherwise denies the allegations in this paragraph.

62.     Denied.

63.     Denied.

**Count II**
**Violations Of The Florida Unfair and Deceptive Trade Practices Act**

64.     Defendant adopts the responses set forth above.

65.     Defendant admits that it conducts business, but otherwise denies the allegations in this paragraph.

66.     Denied (including all subparagraphs).

67.     Denied.

68.     Denied (including all subparagraphs).

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

## Count III
### Violations of Rule 12A-1.0115 of the Florida Administrative Code

This claim was dismissed by the district court (DE 31), and the dismissal was affirmed by the circuit court.

## Count IV
### Declaratory Judgment

84.     Defendant adopts the responses set forth above.

85.     Defendant refers the Court to the cited statute for its content, and otherwise denies the allegations contained in this paragraph.

86.     Denied.

## Count V
### Injunctive Relief

87.     Defendant adopts the responses set forth above.

88.     Defendant refers the Court to the cited statute for its content, and otherwise denies the allegations contained in this paragraph.

89.     Denied.

WHEREFORE, Defendant demands that judgment be entered in its favor on each count of the amended class action complaint, that it be awarded attorneys' fees and costs under §501.2105, Florida Statutes, and that it be awarded any additional relief deemed appropriate.

## AFFIRMATIVE DEFENSES

1.      Count I fails because neither §509.214, Florida Statutes, nor Miami-Dade County Ord. No-99-163 can serve as a predicate for a *per se* FDUTPA claim because neither proscribes unconscionable, deceptive, or unfair acts or practices.

2.     Plaintiff's claims, to the extent they are premised upon Miami-Dade County Ordinance No. 99-163, fail because that county ordinance is preempted by state law.

3.     Plaintiff's claims, to the extent they are premised upon Miami-Dade County Ordinance No. 99-163, fail because Plaintiff has not alleged a violation of the ordinance.

4.     Count IV fails because declaratory relief is a remedy for violations of Florida's Deceptive and Unfair Trade Practices Act.  It is not an independent cause of action.

5.     Count V fails because injunctive relief is a remedy for violations of Florida's Deceptive and Unfair Trade Practices Act.  It is not an independent cause of action

6.     Plaintiff's claims are barred because the menus provided to Plaintiff at the restaurants on April 5 & 6, 2017 at the Key Biscayne hotel contained a notice stating that a suggested gratuity would be added to Plaintiff's bill.

7.     Plaintiff's claims are barred by the voluntary payment doctrine because Plaintiff saw on the checks that were provided to him that a suggested gratuity was being added to his bill and he voluntarily paid it.

8.     Plaintiff's claims are barred because he failed to mitigate his alleged damages, in that he did not request that the suggested gratuity that was added to his bill be removed or reduced.

9.     Plaintiff's claims are barred by the doctrine of ratification because Plaintiff saw on the checks that were provided to him that a suggested gratuity was being added to his bill and he voluntarily paid it.

10.     Plaintiff's claim are barred by the doctrine of waiver because Plaintiff saw on the checks that were provided to him that a suggested gratuity was being added to his bill and he voluntarily paid it.

11.     Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff saw on the checks that were provided to him that a suggested gratuity was being added to his bill and he voluntarily paid it.

12.     Plaintiff's claims are barred, or any amount of damages he might recover is subject to set off, because he planned to pay a gratuity in addition to the price of the food he ordered and thus has not suffered actual damages.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/  Scott D. Ponce
      Scott D. Ponce (FBN 0169528)
      sponce@hklaw.com
      Adolfo E. Jimenez (FBN 869295)
      adolfo.jimenez@hklaw.com
      Rodolfo Sorondo, Jr. (FBN 287301)
      rodolfo.sorondo@hklaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 18, 2020, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

By: /s/Scott D. Ponce