UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-CV-24284-COOKE

MICHAEL FOX,
on behalf on himself and all
others similarly situated,
  Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

  Defendant.
_____/

### ORDER ON DEFENDANT'S OBJECTION AND MOTION TO EXCLUDE UNFILED DECLARATION OF JAMES FRANCIS IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND PLAINTIFF'S CROSS-MOTION FOR EXTENSION OF TIME TO FILE

THIS CAUSE came before the court on Defendant, The Ritz-Carlton Hotel Company, LLC's ("Defendant" or "Ritz-Carlton"), Objection and Motion to Exclude Unfiled Declaration of James Francis in Support of Plaintiff's Motion for Class Certification (the "Motion") [ECF Nos. 79, 125],[1] and Plaintiff, Michael Fox's ("Plaintiff" or "Mr. Fox"), Objection to the Motion and Cross-Motion for Extension of Time to File [ECF No. 88]. This matter is before the undersigned pursuant to an Endorsed Order of Referral by Judge Marcia G. Cooke. [ECF No. 123]. See 18 U.S.C.§ 636(b)(1)(A).

---

[1] On October 26, 2021, Defendant filed a redacted version of the Motion coupled with a motion to seal. [ECF Nos. 78-79]. Judge Cooke granted the motion to seal [ECF No. 124], and Defendant filed an unredacted version of the Motion under seal shortly thereafter [ECF No. 125].

THIS COURT has reviewed the Motion [ECF Nos. 79, 125], the Response and Cross-Motion [ECF No. 88], and the Reply thereto [ECF No. 91], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises.

In the Motion, Defendant argues that the Declaration of James Francis (the "Francis Declaration"), submitted by Plaintiff in support of Plaintiff's Motion for Class Certification, should be stricken because the Declaration was untimely, is not based on personal knowledge, and is inadmissible hearsay. *See* ECF No. 125. Plaintiff, who filed the Francis Declaration immediately after receiving Defendant's Motion, argues that counsel has demonstrated excusable neglect for the inadvertent failure to timely file the Declaration and that, in any event, Defendant was not prejudiced by the late filing because the Declaration contains no substantive statements but is, instead, a non-substantive, ministerial document used to identify the exhibits submitted in support of the Motion for Class Certification. This Court agrees with Plaintiff.

## I. BACKGROUND

At the heart of this case lie the consumer class action allegations brought by Michael Fox, on behalf of himself and all others similarly situated, against Ritz-Carlton for its alleged violations of Section 509.214 of the Florida Statutes, which requires every public food establishment[2] that includes an automatic gratuity or service charge in the price of the meal

---

[2] "Public food service establishment" means any building, vehicle, place, or structure, or any room or division in a building, vehicle, place, or structure where food is prepared, served, or sold for immediate consumption on or in the vicinity of the premises; called for or taken out by customers; or prepared prior to being delivered to another location for consumption. Fla. Stat. § 509.013.

to provide notice that the automatic gratuity is included on both the food menu and on the face of the bill provided to the customer. Fla. Stat. § 509.214.

Counts One and Two of the Amended Complaint allege violations of the Florida Unfair and Deceptive Trade Practices Act ("FDUPTA"), and Counts Four and Five seek a declaratory judgment and injunctive relief under FDUPTA, respectively.[3] [ECF No. 18].

The operative facts of this litigation date back to 2017, and the procedural history is also somewhat involved. The background and facts relevant to the Motion now before the Court are discussed below.

### A. Factual Background

According to the allegations in the Motion for Class Certification (which are consistent with the allegations in the Amended Complaint), from April 4 through April 7, 2017, Plaintiff, Michael Fox, stayed at the Ritz-Carlton Key Biscayne in Miami, Florida. [ECF No. 67] at 2. During his stay, Mr. Fox ordered and paid for food and beverages from three separate public food service establishments located on the hotel property: Lightkeepers, Cantina Beach, and Key Pantry. *Id*.

On April 5, 2017, Mr. Fox dined at Lightkeepers. [ECF No. 67] at 2. Mr. Fox alleges he ordered from the Lightkeepers menu, which consisted of a single page. *Id*. According to Mr. Fox, at the bottom of the one-page menu, the following was written in italicized type that was smaller and less bold than the other items written on the menu: "A suggested 18% gratuity will be added to your check. Please feel free to raise, lower, or remove this gratuity at your discretion." *Id*. at 2-3. He alleges that when he was done eating, he was presented with a check

---

[3] Count Three, alleging violations of the Florida Administrative Code, was dismissed. *See* ECF Nos. 31, 39.

3

that included an 18% service charge. [ECF No. 67-3]. Under the total amount due on the check, there was a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." *Id*. Plaintiff added a $9.00 gratuity (more than 20% of the total bill) and signed the check, charging the full amount to his room. *Id*.

Later that same day, Mr. Fox ordered food and drinks at Cantina Beach, the pool bar and restaurant at the hotel. [ECF No. 67] at 3. Mr. Fox alleges that the following statement appeared at the bottom of that menu, in type smaller than the other items on the menu: "A suggested 18% gratuity will be added to your check for your convenience." *Id*. He alleges that when he was done eating, he was again presented with a check that included an 18% service charge. *Id*. Similar to the check he received at Lightkeepers, the check from Cantina Beach contained a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." [ECF No. 67-5]. Mr. Fox added an $18.00 gratuity (approximately 9% of the total bill) and signed the check, charging the full amount to his room. *Id.*

And, later that same day, Mr. Fox ordered snacks and bottled water from an establishment at the hotel known as the Key Pantry. [ECF No. 67 at 3]. Mr. Fox alleges that he reviewed the menu at Key Pantry, and it did not mention any automatic gratuity or service charge. *Id*. Here, Mr. Fox was presented with a similar check to the ones he signed earlier that day. [ECF No. 67-5]. This check also included an 18% service charge and contained a space for "Additional Gratuity." *Id*. Having purchased only bottled water and snacks, Mr. Fox did not add any additional gratuity and charged the full amount of the check to his room. *Id*.

### B. Legal Background

Fox filed the original complaint on November 28, 2017. After Ritz-Carlton filed a Motion to Dismiss, Mr. Fox filed the operative Amended Complaint on February 15, 2018. [ECF No. 18]. On January 22, 2019, Judge King dismissed the case sua sponte for lack of subject-matter jurisdiction. [ECF No. 31]. Fox appealed the dismissal order. [ECF No. 32]. The United States Court of Appeals for the Eleventh Circuit reversed the dismissal of Counts One, Two, Four, and Five, affirmed the dismissal of Count Three, and remanded the case for further proceedings. *See* ECF No. 39 at 22. The case was reassigned to Judge Cooke after remand. [ECF No. 41].

1. *Plaintiff's Motion For Class Certification And The Francis Declaration And Exhibits*

Pursuant to Judge Cooke's Orders [ECF Nos. 48, 50], motions for class certification were due on October 1, 2021, and the cut-off date for fact and expert discovery was November 12, 2021. Mr. Fox filed the Motion for Class Certification on October 1, 2021, along with a motion to file under seal certain documents and testimony in support of that Motion. [ECF Nos. 66, 67].

In support of the allegations in the Motion for Class Certification, Mr. Fox cites the declaration of his attorney, James A. Francis (the "Francis Declaration"), and the exhibits thereto. For example, in support of the allegation regarding the text on the Lightkeepers menu, Mr. Fox cites the Francis Declaration at Exhibit 2. *See* ECF 69 (Mot. for Class Cert.) at 2. Exhibit 2 to the Francis Declaration is a copy of a Lightkeepers menu with a Bates label. And in support of the allegation regarding the check from the Lightkeepers restaurant, Fox cites the Francis Declaration at Exhibit 3. *See id.* at 3. That exhibit is a copy of two restaurant checks, including one from the Lightkeepers restaurant dated April 5, 2022, and has a Bates

label. Although the referenced exhibits were filed concurrently with the Motion for Class Certification (ECF No. 67), the Francis Declaration was not. (Nor was it attached to the sealed version of Plaintiff's Motion for Class Certification filed three days later. *See* ECF No. 69.)

The ten filed exhibits to the unfiled Francis Declaration include the following:

- a declaration of Plaintiff's counsel, Edward Coleman (Ex. 1 to the Francis Declaration);
- menus for Lightkeepers and Cantina Beach, which were produced by Defendant during discovery (Ex. 2 and Ex. 3);
- copies of the bills signed by Plaintiff at each establishment, which were also produced by Defendant during discovery (Ex. 4 and Ex. 5);
- a menu for Key Pantry that was produced by Plaintiff during discovery (Ex. 6); and
- an excerpt of the deposition transcript of Defendant's corporate representative, Lisa Curley (Ex. 7).

Fox also filed three exhibits attesting to the qualifications of Plaintiff's counsel to handle this case:

- the firm biography of Francis Mailman Soumilas P.C. (Ex. 8);
- a declaration of Plaintiff's counsel, David M. Marco of SmithMarco, P.C., (Ex. 9); and
- a declaration of Plaintiff's counsel, Lewis J. Saul of Lewis Saul & Associates, P.C. (Ex. 10).

Because the Francis Declaration was not filed or served on Ritz-Carlton, Ritz-Carlton did not know if the Declaration contained substantive representations by Mr. Francis. However, it was evident that the filed exhibits corresponded to the exhibits referenced in the Declaration (*e.g.*, "*See* Ex. 5 to Francis Decl. (RC-00000210)" references filed Exhibit 5, which is Bates labeled RC-00000210). *See* ECF No. 69 at 3 and ECF No. 67-5.

At a status conference held on October 5, 2021, four days after the Motion for Class Certification and the above-referenced exhibits were filed, Ritz-Carlton did not raise any concerns regarding the absence of the Francis Declaration. *See* ECF No. 73. Ritz-Carlton did

request an extension of time and additional pages to respond to the Class Certification Motion. That request was based, at least in part, on the length of a different declaration attached to the motion – that of another member of Plaintiff's counsel, Edward Coleman – one of the filed exhibits to the unfiled Francis Declaration. *Id*.

2.  *Ritz-Carlton's Response To The Motion For Class Certification And Its Motion To Exclude The Unfiled Francis Declaration*

On October 25, 2021, Ritz-Carlton filed its Response in Opposition to the Motion for Class Certification. [ECF No. 75]. There, Ritz-Carlton first raised the issue that the Francis Declaration "was never filed or served and is thus not before the Court." [ECF No. 75] at 10. Four days later, Ritz-Carlton filed the Motion now before the Court seeking to exclude the Francis Declaration [ECF No. 79]. In the Motion, Ritz-Carlton argues that the Francis Declaration should be excluded because it was never filed or served, in violation of Rule 6(c)(2) of the Federal Rules of Civil Procedure, which states, in part, that: "[a]ny affidavit supporting a motion must be served with the motion." [ECF No. 79] at 2. Ritz-Carlton also argues that the Francis Declaration should be excluded because Mr. Francis "has no foundation for or personal knowledge of the matters for which his declaration is cited" and, therefore, the Declaration's statements are inadmissible under Rules 602 and 802 *et seq.* of the Federal Rules of Evidence. *Id*. at 2-5. Moreover, Ritz-Carlton argues that the Francis Declaration must be excluded because it does not properly authenticate its exhibits. *Id*. at 6. All of these arguments regarding the Francis Declaration were made by Ritz-Carlton without Ritz-Carlton actually having seen the Declaration. And, Ritz-Carlton filed the motion

7

without first conferring with counsel for Mr. Fox, in violation of Local Rule 7.1(a)(3), which is sufficient grounds in itself for denial of the Motion.[4]

3. *Mr. Fox Files The Francis Declaration And Responds To The Motion To Exclude*

Defendant filed the Motion to Exclude the Unfiled Francis Declaration on Friday, October 29, 2021. The following Monday, November 1st, Plaintiff filed a Notice of Corrected Filing, which included the Francis Declaration. [ECF No. 80]. In the Declaration, Mr. Francis declares that he is an attorney duly licensed to practice in Pennsylvania, is counsel of record for Plaintiff, and has personal knowledge of the facts and circumstances of this matter. [ECF No. 80-1] at ¶¶ 1-2. He also represents that his law firm is qualified to represent Plaintiff in the proposed class action. Otherwise, the sole function of the Declaration is to identify the attached ten exhibits, which were previously filed and are discussed above.

Plaintiff then filed an Opposition to Defendant's Objection and Motion to Exclude Unfiled Declaration of James Francis and included a Cross-Motion for Extension of Time to File the Francis Declaration (the "Response"). [ECF No. 88]. In the Response, Plaintiff asks the Court to exercise its "broad discretion to accept filings that were invertedly omitted from a party's moving papers" under Rule 6 of the Federal Rules of Civil Procedure in the interest of deciding Plaintiff's Motion for Class Certification on its full merits. [ECF No. 88 at 1]. Plaintiff describes the Francis Declaration as "a non-substantive, ministerial document that simply lists exhibits referenced in Plaintiff's motion for class certification," and argues that the Declaration "does not alter the substance of Plaintiff's motion [for class certification], nor

---

[4] Apart from the required conferral pursuant to the Court's Local Rules, it is altogether unclear why Ritz-Carlton's counsel did not simply contact Mr. Fox's counsel upon realizing that the Declaration was missing.

the arguments made in Ritz's opposition" and, therefore, Ritz-Carlton "was not prejudiced by the corrected filing." *Id*.

4. *Ritz-Carlton's Reply In Support Of Its Motion To Exclude The Francis Declaration*

Now having had the opportunity to review the Francis Declaration, Ritz-Carlton filed a reply maintaining that the Declaration should be excluded nonetheless and arguing that "the full chain of events underlying this motion confirms that Plaintiff's counsel has engaged in sanctionable gamesmanship in an effort to mislead the Court." [ECF No. 91] at 1. Ritz-Carlton also argues, throughout its Reply, that the Declaration "supports none of the statements for which it was cited in the Certification Motion as the sole piece of evidentiary support." *Id*.

Ritz-Carlton also argues that Mr. Fox's Response failed to respond to several of Ritz-Carlton's arguments, including that the Motion for Class Certification's statements about Plaintiff's experiences are false and that the exhibits attached to the Francis Declaration must be excluded because Mr. Francis cannot authenticate them, and that therefore, Mr. Fox has conceded these issues. *Id*. at 2. Finally, the Reply contains arguments regarding the Declaration of Plaintiff Michael Fox [ECF No. 95] that the Court will not be addressing at this time.[5]

---

[5] Whether the Declaration of Mr. Fox should be excluded will be addressed separately when the Court addresses Defendant's Motion to Exclude Reply Declaration of Plaintiff Michael Fox in Support of Plaintiff's Motion for Class Certification and Plaintiff's Deposition Errata [ECF No. 95]. Thus, the Court will not address the arguments raised by Defendant in its Reply regarding the Fox Declaration at this time.

## II. APPLICABLE LEGAL STANDARDS

### A. Rule 6 And "Excusable Neglect"

Rule 6 of the Federal Rules of Civil Procedure applies when computing any time period specified in the Rules, in any local rule or court order, or in any statue that does not specify a method of computing time. Fed. R. Civ. P 6(a). Pursuant to Rule 6(c)(2), any affidavit supporting a motion must be served with the motion. However, the court may, for good cause, extend the time period for an act to be completed on motion made after the time has expired if the party failed to timely act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

"Excusable neglect" under Rule 6(b) is a somewhat elastic concept. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, (1993). The determination of what sort of neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 392, 395. These include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395; *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 848 (11th Cir. 1996) (applying *Pioneer* factors to find that late filing due to counsels' miscommunication was excusable neglect).

## III. DISCUSSION

Ritz-Carlton urges this Court to exclude the Francis Declaration because it was not timely filed and is independently inadmissible under several rules of evidence. [ECF No. 125] at 1.

### *A. The Late Filing Of The Francis Declaration*

Ritz-Carlton first argues that Plaintiff's failure to timely file the Francis Declaration has prejudiced Ritz-Carlton by intentionally depriving it of the opportunity to respond. [ECF No. 91] at 7. Fox responds that Ritz-Carlton is not prejudiced by the late filing of the Francis Declaration because Ritz-Carlton's 30-page brief in opposition to the Motion for Class Certification demonstrates that Ritz-Carlton was able to address the sufficiency of Plaintiff's evidence, including the Francis Declaration and its timely-filed exhibits. Fox also points out that the Francis Declaration contains no substantive content that would alter any of Ritz-Carlton's arguments. [ECF 88] at 3.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court has discretion to permit a late filing where the omission was caused by excusable neglect. Fed. R. Civ. P. 6(b). In *Pioneer Investment Services Co.*, the Supreme Court set forth factors the Court should consider when deciding whether a party's neglect of a deadline is excusable. 507 U.S. at 395. These factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

With the foregoing in mind, the Court has considered the relevant circumstances surrounding the Francis Declaration and finds that the late filing was excusable. Ritz-Carlton's argument that it was unduly prejudiced is unavailing in light of the fact that the Declaration itself does not contain any substantive representations and serves no purpose other than identifying and organizing exhibits, all of which were timely filed. The Motion for Class Certification does not cite any statement in the Declaration itself for support but,

instead, only cites the exhibits thereto. There is nothing in the Declaration that the Court need rely on in deciding the Motion for Class Certification, and there is nothing that Ritz-Carlton need respond to. Indeed, Ritz-Carlton already filed a sur-reply to the Motion for Class Certification seven weeks after the Francis Declaration was filed and argued against the adequacy of the Francis Declaration as evidence. [ECF No. 113]. Thus, the danger of prejudice to Ritz-Carlton if the Court accepts the Francis Declaration is minimal.

Moreover, the delay did not substantially impact judicial proceedings. The three-week delay between the filing of the Motion for Class Certification and the filing of the Francis Declaration did not cause a delay in the Court's analysis of the Motion for Class Certification. Nor did the delay leave Defendant without an opportunity to respond to the Declaration, as demonstrated by Defendant's sur-reply to the Motion for Class Certification.

Fox's explanation for the omission, that it was an inadvertent oversight resulting from a miscommunication between the three law firms drafting the Motion for Class Certification, which involved "multiple communications containing multiple versions of certain documents for both public and under seal filing," demonstrates excusable neglect. Coleman Decl. [ECF No. 88-1] at ¶ 5; *see Cheney*, 71 F.3d at 849.

Although the reason for the delay was within Fox's control, there is no indication his counsel deliberately failed to timely file the Declaration. Defendant's allegations to the contrary are unpersuasive and not supported by the record. Indeed, Plaintiff's counsel filed the Declaration one business day after Defendant filed the Motion.

On balance, the *Pioneer* factors weigh in favor of a finding that Plaintiff's counsel's neglect was excusable. Thus, the Court accepts the Francis Declaration pursuant to Rule 6(b).

### B. *Inadmissibility Under The Federal Rules Of Evidence*

Most of Ritz-Carlton's arguments regarding the Declaration go to whether the Declaration actually supports Fox's arguments in support of class certification. Those arguments will be addressed with the determination of the Motion for Class Certification. Ritz-Carlton also urges the Court to exclude the Francis Declaration and its exhibits pursuant to the Federal Rules of Evidence, specifically Rules 602, 802 *et. seq.*, and 901. Other District Courts in the Eleventh Circuit have held that the Federal Rules of Evidence are not strictly enforced at the class certification stage because of the preliminary nature of the proceedings. *See City of Rome, Georgia v. Hotels.com, LP*, No. 4:05-CV-249-HLM, 2011 WL 13229684, at *4 (N.D. Ga. Mar. 21, 2011) (citing *Fisher v. Ciba Specialty Chemicals Cop.*, 238 F.R.D. 273, 279 (S.D. Ala. 2006). Nevertheless, the Court considers Ritz-Carlton's evidentiary arguments concerning the admissibility of the Declaration. At this time, the Court will not analyze the admissibility of the Declaration of Edward Coleman, attached as Exhibit 1 to the Francis Declaration, because Defendant filed a separate motion to exclude the Declaration of Edward Coleman [ECF 94], which the Court will address by separate order.

#### 1. Admissibility Under Federal Rule Of Evidence 602

Under Federal Rule of Evidence 602 "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. For example, in *Lawrence v. Dunbar*, the Eleventh Circuit reversed a district court ruling that relied on an affidavit from a witness that "attended neither of the Christmas parties in question" in the case, holding the witness "lacked personal knowledge." 919 F.2d 1525, 1529 (11th Cir. 1990). Ritz-Carlton argues that, just as the declarant in *Lawrence* attended neither of the Christmas parties in question, Mr. Francis attended none of

the meals in question during Plaintiff's stay at the Ritz-Carlton and, therefore, his Declaration must be excluded because it is not based on his personal knowledge of Plaintiff' experiences at the Ritz-Carlton Key Biscayne. [ECF No. 125] at 3.

Defendant did not have the opportunity to see the contents of the Francis Declaration before filing its Motion. If it had reviewed the Declaration, it would see that Mr. Francis makes no statements regarding Mr. Fox's experiences at the Ritz-Carlton Key Biscayne. The Declaration simply states that it attaches true and correct copies of exhibits and that Mr. Fox's law firms are qualified to act as counsel in this case. As counsel for Mr. Fox in this matter, Mr. Francis likely has personal knowledge of documents produced during discovery and of the deposition of Ms. Curley, at which he was present. He also likely has personal knowledge of the qualification of his own firm and those of his co-counsel. Otherwise, the Court finds there is nothing improper about use of an attorney declaration for the purpose of identifying and organizing exhibits to a motion. *See South v. Progressive Select Ins. Co.*, No. 19-21760-CIV, 2020 WL 8641572, at *3 (S.D. Fla. Dec. 28, 2020) (Dimitrouleas, J.). Thus, the undersigned finds no basis to exclude the Francis Declaration or Exhibits 2-10 on the basis of lack of personal knowledge.[6]

### 2. Admissibility Under The Hearsay Rules

Federal Rules of Evidence 802 *et. seq.* relate to hearsay testimony, which is generally inadmissible under the Federal Rules of Evidence. FRE 801(c), 802. Ritz-Carlton argues that the Francis Declaration is inadmissible hearsay because "the testimony in the declaration (as revealed in the Certification Motion) purporting to summarize Plaintiff's experiences at Ritz-

---

[6] As mentioned above, whether Exhibit 1 should be excluded will be decided when the Court addresses Defendant's Motion to Exclude Declarations of Edward Coleman in Support of Plaintiff's Motion for Class Certification and Plaintiff's Deposition Errata [ECF No. 94].

Carlton restaurants could only come from Plaintiff himself." [ECF No. 125] at 8. However, again there is no testimony in the Declaration regarding Mr. Fox's experiences at the Ritz-Carlton (or any other matter relevant to the Motion for Class Certification). Therefore, the Court rejects Ritz-Carlton's argument that the Declaration should be excluded because it contains inadmissible hearsay.

### 3. Admissibility Under Federal Rule Of Evidence 901

Ritz-Carlton also argues that the Francis Declaration attaches a series of exhibits that have not been properly authenticated pursuant to Federal Rule of Evidence 901. [ECF No. 125] at 6. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901. "Testimony of a witness with knowledge . . . that an item is what it is claimed to be" satisfies this authentication requirement. *Id.*

Ritz-Carlton cites no authority for the need for authentication of exhibits in support of a class certification motion. The Court notes that most of the exhibits attached to the Declaration were produced by Ritz-Carlton during discovery, such that a challenge by Ritz-Carlton to their authority seems disingenuous. *See E.E.O.C. v. W. Customer Mgmt. Grp., LLC*, 899 F. Supp. 2d 1241, 1250 (N.D. Fla. 2012) (admitting documents produced during discovery as authentic when offered by the opposing party); *see also Slone v. Judd*, No. 8:09cv1175, 2011 WL 1124618, at *2 (M.D. Fla.2011) (same). To the extent there remains doubt regarding the authentication of the exhibits supporting the Motion for Class Certification, such concerns are best addressed on an exhibit-by-exhibit basis when considering the Motion for Class Certification and the context in which they are being offered.

> 4. <u>Plaintiff's Failure To Respond To Defendant's Arguments Regarding Admissibility Under The Federal Rules Of Evidence</u>

Lastly, the undersigned is not inclined to grant Ritz-Carlton's Motion on grounds that Mr. Fox did not directly respond to its arguments regarding admissibility. *See* ECF No. 91 at 6. In support of its claim that its arguments should prevail by default, Ritz-Carlton cites to *Aponte v. Royal Caribbean Cruises, Ltd.*, a brief opinion with little procedural background or legal analysis to compare with the facts at bar. No. 15-21854-CIV, 2019 WL 8888230, at *1 (S.D. Fla. Apr. 10, 2019) (Scola, J.).

Judge Altonaga came to a similar conclusion in *A1 Procurement, LLC v. Hendry Corp.*, where the court dismissed an amended complaint for failure to respond to the defendants' arguments regarding improper joinder. No. 11-23582-CIV, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012) (Altonaga, J.). In *A1 Procurement*, however, the Court had repeatedly reminded the plaintiff to comply with the Local Rules and Court's Orders. In fact, plaintiff had failed to certify it had conferred on its Motion for Leave to Amend, failed to serve defendants as twice ordered by the Court, and failed to respond at all to the initial motion to dismiss. In other words, the plaintiff was engaged in a pattern of ignoring the Local Rules and Court's Orders.

Local Rule 7.1(c) states in part that failure to serve an opposing memorandum of law to a motion "*may* be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)) (alterations added). The permissive language of the Rule gives the court discretion to decide whether to grant a motion by default. Here, the Court finds that Ritz-Carlton's arguments for exclusion lack merit. The Court also finds that Mr. Fox did not engage in a clear pattern of delay or willful contempt that might warrant the exercise of the Court's discretion to grant the Motion pursuant to Local Rule 7.1(c). *See A1 Procurement, LLC*, No.

16

11-23582-CIV, 2012 WL 6214546, at *3. Indeed, it was Ritz-Carlton that first violated Local Rule 7.1 by failing to confer with Mr. Fox's counsel before filing the Motion, which also gives the Court the authority to deny the Motion on those grounds. Here, the Court rejects Ritz-Carlton's request to grant the Motion to Strike based on default.

## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED and ADJUDGED** that

1. Defendant's Objection and Motion to Exclude Unfiled Declaration of James Francis in Support of Plaintiff's Motion for Class Certification (the "Motion") [ECF Nos. 79, 125] is **DENIED**;

2. Plaintiff's Cross-Motion for Extension of time to File [ECF No. 88] is **GRANTED**. The Court accepts Plaintiff's Notice of Corrected Filling and the Declaration of James A. Francis [ECF No. 80], in support of Plaintiff's Motion for Class Certification.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of June, 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE