UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-CV-24284-COOKE

MICHAEL FOX,
on behalf on himself and all
others similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE
DECLARATIONS OF EDWARD COLEMAN IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

THIS CAUSE came before the court on Defendant, The Ritz-Carlton Hotel Company, LLC's ("Defendant" or "Ritz-Carlton"), Motion to Exclude Declarations of Edward Coleman in Support of Plaintiff's Motion for Class Certification (the "Motion") [ECF No. 94]. This matter is before the undersigned pursuant to an Endorsed Order of Referral by the Honorable Judge Marcia G. Cooke, United States District Judge. [ECF No. 123]. *See* 18 U.S.C.§ 636(b)(1)(A).

THIS COURT has reviewed the Motion [ECF No. 94], the Response and Reply thereto [ECF Nos. 105, 188], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises.

In the Motion, Ritz-Carlton argues that the Court should strike two declarations of Edward Coleman, the "First Coleman Declaration" [ECF Nos. 67-1, 69-1][1], filed in support of Plaintiff's Motion for Class Certification, and the "Third Coleman Declaration" [ECF No. 85-5][2], filed with the Reply in Support of Plaintiff's Motion for Class Certification, because the Declarations are not based on personal knowledge and do not present proper expert opinion testimony. *See* Mot. at 11. Ritz-Carlton also argues that the Court should strike the Third Coleman Declaration as improper reply evidence. *See id.* at 14-15. Mr. Fox opposes the Motion and claims both Coleman Declarations properly summarize and describe Coleman's review of documentary evidence produced by Ritz-Carlton. *See* ECF No. 105 (the "Response to the Motion").

For the reasons set forth below, this Court agrees the Coleman Declarations are improper and inadmissible and should therefore be stricken.

**I.   BACKGROUND**

Plaintiff, Michael Fox, filed this consumer class action on behalf of himself and all others similarly situated against Ritz-Carlton alleging violations of Section 509.214 of the Florida Statutes, which requires every public food establishment[3] that includes an automatic

---

[1] On October 4, 2021, Mr. Fox filed a redacted version of the Motion for Class Certification, which included as an exhibit a redacted version of the First Coleman Declaration, along with a motion to seal. [ECF Nos. 66, 67]. The Court granted the motion to seal [ECF No. 68], and Mr. Fox filed unredacted versions of the Motion for Class Certification and the First Coleman Declaration under seal shortly thereafter [ECF No 69].

[2] On November 11, 2021, Mr. Fox filed a Reply in Support of the Motion for Class Certification, which included a redacted version of the Third Coleman Declaration, coupled with a motion to seal. [ECF Nos. 84, 85]. The Court granted the motion to seal [ECF No. 89], however, to date, Mr. Fox has not filed an unredacted version of the Third Coleman Declaration.

[3] "Public food service establishment" means any building, vehicle, place, or structure, or any room or division in a building, vehicle, place, or structure where food is prepared, served, or sold for immediate consumption on or in the vicinity of the premises; called for or taken out

gratuity or service charge in the price of the meal to provide notice of the automatic gratuity on both the food menu and on the face of the bill provided to the customer. Fla. Stat. § 509.214.

Counts One and Two of the Amended Complaint allege violations of the Florida Unfair and Deceptive Trade Practices Act ("FDUPTA"), and Counts Four and Five seek a declaratory judgment and injunctive relief under FDUPTA, respectively.[4] [ECF No. 18].

The background and facts relevant to the Motion now before the Court are discussed below.

### A. *Factual Background*

According to the allegations in the Motion for Class Certification (which are consistent with the allegations in the Amended Complaint), from April 4 through April 7, 2017, Mr. Fox stayed at the Ritz-Carlton Key Biscayne in Miami, Florida. [ECF No. 67] at 2. During his stay, Mr. Fox ordered and paid for food and beverages from three separate public food service establishments located on the hotel property: Lightkeepers, Cantina Beach, and Key Pantry. *Id*.

On April 5, 2017, Mr. Fox dined at Lightkeepers. *Id*. Mr. Fox alleges he ordered from the Lightkeepers menu, which consisted of a single page. *Id*. According to Mr. Fox, at the bottom of the one-page menu, the following was written in italicized type that was smaller and less bold than the other items written on the menu: "A suggested 18% gratuity will be added to your check. Please feel free to raise, lower, or remove this gratuity at your

---

by customers; or prepared prior to being delivered to another location for consumption. Fla. Stat. § 509.013.

[4] Count Three, alleging violations of the Florida Administrative Code, was dismissed. *See* ECF Nos. 31, 39.

discretion." *Id*. at 2-3. He alleges that when he was done eating, he was presented with a check that included an 18% service charge. [ECF No. 67-3]. Under the total amount due on the check, there was a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." *Id*. Mr. Fox added a $9.00 gratuity (more than 20% of the total bill) and signed the check, charging the full amount to his room. *Id*.

Later that same day, Mr. Fox ordered food and drinks at Cantina Beach, the pool bar and restaurant at the hotel. [ECF No. 67] at 3. Mr. Fox alleges that the following statement appeared at the bottom of that menu, in type smaller than the other items on the menu: "A suggested 18% gratuity will be added to your check for your convenience." *Id*. He alleges that when he was done eating, he was again presented with a check that included an 18% service charge. *Id*. Similar to the check he received at Lightkeepers, the check from Cantina Beach contained a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." [ECF No. 67-5]. Mr. Fox added an $18.00 gratuity (approximately 9% of the total bill) and signed the check, charging the full amount to his room. *Id.*

And, later that same day, Mr. Fox ordered snacks and bottled water from another establishment at the hotel known as the Key Pantry. [ECF No. 67 at 3]. Mr. Fox alleges that he reviewed the menu at Key Pantry, and it did not mention any automatic gratuity or service charge. *Id*. Here, Mr. Fox was presented with a check similar to the ones he signed earlier that day. [ECF No. 67-5]. This check also included an 18% service charge and contained a space for "Additional Gratuity." *Id*.  Having purchased only bottled water and snacks, Mr.

4

Fox did not add any additional gratuity and charged the full amount of the check to his room. *Id.*

### B. Procedural Background

Mr. Fox filed the original complaint on November 28, 2017. [ECF No. 1]. After Ritz-Carlton filed a Motion to Dismiss, Fox filed the operative Amended Complaint on February 15, 2018. [ECF No. 18]. On January 22, 2019, District Judge James Lawrence King dismissed the case *sua sponte* for lack of subject-matter jurisdiction. [ECF No. 31]. Fox appealed the dismissal order. [ECF No. 32]. The United States Court of Appeals for the Eleventh Circuit reversed the dismissal of Counts One, Two, Four, and Five, affirmed the dismissal of Count Three, and remanded the case for further proceedings. *See* ECF No. 39 at 22. The case was reassigned to Judge Cooke after remand. [ECF No. 41].

1. *Plaintiff's Motion For Class Certification And The First Coleman Declaration*

Mr. Fox filed his Motion for Class Certification on October 1, 2021, along with a motion to file under seal certain documents and testimony in support of that Motion. [ECF Nos. 66, 67].

In support of the allegations in the Motion for Class Certification, Mr. Fox cites the declaration of his attorney, James A. Francis (the "Francis Declaration"), and the exhibits thereto.[5] Exhibit 1 to the Francis Declaration is the declaration of another one of Mr. Fox's attorneys, Edward Coleman [ECF No. 69-1] (the "First Coleman Declaration"). In the First Coleman Declaration, Coleman declares that he is an attorney duly licensed to practice in New York and New Jersey, is counsel of record for Mr. Fox, and has personal knowledge of

---

[5] Ritz-Carlton previously moved to strike the Francis Declaration. [ECF No. 79]. The Court denied the Motion on June 15, 2022. [ECF No. 127].

5

the facts and circumstances of this matter. First Coleman Decl. at ¶¶ 1-2. He also declares that he has reviewed copies of menus and spreadsheets containing receipt information from Ritz-Carlton's restaurants in Florida. *Id*. at ¶¶ 3-5. The rest of the Declaration contains Coleman's inferences, observations, and opinions based on his review of the documents and data received in discovery from Ritz-Carlton. *See id*. at ¶¶ 6-34.

2. *The Second And Third Coleman Declarations*

After reviewing Plaintiff's Motion for Class Certification and the First Coleman Declaration, Ritz-Carlton served a subpoena to depose Coleman in connection with his declaration. [ECF No. 104-1] at 104-05. Instead of deposing Coleman, the parties agreed he would execute the Second Coleman Declaration,[6] in which Coleman states, *inter alia*, that he has not been disclosed as an expert in this case nor any case, has "no specialized knowledge, training, or experience in analyzing restaurant menus or receipt data" or in "dating documents, including menus[,]" and has no prior experience reviewing Micros receipt data and Florida Ritz-Carlton menus. [ECF No. 94-1 (the "Second Coleman Declaration")] at ¶¶ 10, 11, 13. He also clarifies that his statement in the First Coleman Declaration that "where Ritz has produced a menu for one date, and another menu on a subsequent date, it is a reasonable inference that there were no changes to the menu between those dates" is based on his inference that "the dates in the filenames of the menus can be used to determine the

---

[6] The "Third" Coleman Declaration was executed and filed on November 11, 2021, several days before the Second Coleman Declaration. The "Second" Coleman Declaration was executed on November 21, 2021, and was first filed in the record with the Motion on December 3, 2021. Despite the inconsistency between the timeline of the Coleman Declarations and the names given to them by Ritz-Carlton, the Court will refer to the November 21, 2021 Declaration as the Second Coleman Decoration and the November 11, 2021 Declaration as the Third Coleman Declaration to avoid further confusion.

dates during which the menus were actually in continuous use at restaurants, and is not based on other information obtained from Ritz." *Id.* at ¶ 9.

Mr. Fox filed the Third Coleman Declaration with his Reply in Support of Class Certification. *See* ECF No. 85-5 (the "Third Coleman Declaration"). The Court notes that Mr. Fox has not filed an unredacted version of the Third Coleman Declaration despite court approval to file under seal. *See* ECF 89. Even so, it is clear that the Third Coleman Declaration contains arguments in response to issues raised by Ritz-Carlton in its Response to the Motion for Class Certification. *See* ECF 85-5. Specifically, Coleman responds to Ritz-Carlton's statement that it is impossible to tell from reviewing the receipt data whether a charge that appears to be an "Improper Table Size violation" is a genuine improper charge or rather an instance where a large party split the check. *See* Third Coleman Decl. at ¶¶ 6-24. The Third Coleman Declaration also raises the issue that most of the declarations attached to Defendant's Response to the Motion for Class Certification were made by previously undisclosed witnesses. *Id.* at ¶¶ 25-26. And, the Declaration states that Coleman is not aware of any conflict between the current proposed class and classes in previous cases where Coleman was counsel — an issue that had been raised by Ritz-Carlton in the Response to the Motion for Class Certification. *Id.* at ¶¶ 28-29.

   3. *The Motion To Exclude The First And Third Coleman Declarations*

Ritz-Carlton filed the Motion at issue on December 3, 2021. In the Motion, Ritz-Carlton argues that the Court should exclude the First and Third Coleman Declarations because "Coleman is just Plaintiff's lawyer, with a contingent financial interest in winning his case," and that Coleman cannot testify as a witness because he is not an expert and admittedly has no personal knowledge of the issues in this case. Mot. at 11, 13-14. Additionally, Ritz-

Carlton argues that the Court should exclude the Third Coleman Declaration as improper reply evidence. *Id.* at 14.

In response, Mr. Fox argues the First and Third Coleman Declarations are proper summaries pursuant to Rule 1006 of the Federal Rules of Evidence. *See* Resp. at 5. Mr. Fox also argues that Coleman does not need to have personal knowledge of Ritz-Carlton's physical menus or receipts or personal knowledge of how they were used or created to present a summary to the Court. *Id.* Rather, Mr. Fox asserts that Coleman has the appropriate personal knowledge based on his review of the documents produced by Ritz-Carlton. *See id.* at 5-6. Furthermore, Mr. Fox argues that the documents Coleman reviewed and cited speak for themselves and, therefore, none of his review work required any expertise. *Id.* at 6-7. Lastly, Mr. Fox argues that the Third Coleman Declaration properly counters arguments raised by Ritz-Carlton in its Response in opposition to the Motion for Class Certification. *Id.* at 8.

In its Reply, Ritz-Carlton asserts that Rule 1006 only allows for summaries of voluminous records. [ECF No. 118 (the "Reply to the Motion")] at 1. According to Ritz-Carlton, the Rule does not apply to a declaration from a party's own lawyer, nor does it allow for the admission of inferences like those found throughout the Coleman Declarations. *Id.* Lastly, Ritz-Carlton argues that there is no foundation for the statements made in the First and Third Declarations and that the Declarations contain numerous inaccuracies. *Id.*

## II.   DISCUSSION

The Court considers Ritz-Carlton's evidentiary arguments concerning the admissibility of the First and Third Coleman Declarations mindful that the Federal Rules of Evidence are not strictly enforced at the class certification stage because of the preliminary

nature of the proceedings. *See City of Rome, Georgia v. Hotels.com*, LP, No. 4:05-CV-249-HLM, 2011 WL 13229684, at *4 (N.D. Ga. Mar. 21, 2011) (citing *Fisher v. Ciba Specialty Chemicals Corp.*, 238 F.R.D. 273, 279 (S.D. Ala. 2006).

### A. *Admissibility Under Federal Rule Of Evidence 602*

Federal Rule of Evidence 602 provides: "[A] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. According to Ritz-Carlton, a matter is within a person's personal knowledge if it is "derived from the exercise of his own senses, not from the reports of others." Mot. at 11 (citing *Poitevint v. United Recovery Sys., LP*, 899 F. Supp. 2d 1230, 1235 (N.D. Fla. 2012)). Ritz-Carlton asserts that Coleman, as Mr. Fox's counsel, has not "derived" any information about this case "from his own senses" as confirmed by his statements in the Second Coleman Declaration. *Id*. at 11-12.

According to Mr. Fox, Coleman does not need personal knowledge of the physical menus and receipts or how they were created and used, but, rather, only needs personal knowledge of the documents involved in his review. Resp. at 5-6.

The Coleman Declarations do not purport to be based on Mr. Fox's experience at the Ritz-Carlton Key Biscayne, but are, instead, based on Coleman's review of menus and Micro data produced by Ritz-Carlton. "[P]ersonal knowledge can be based on a review of relevant business files and records. *Del Rosario v. Lab. Ready Se., Inc.*, 124 F. Supp. 3d 1300, 1316 (S.D. Fla. 2015) (quoting *In re Trafford Distrib. Ctr., Inc.*, 414 B.R. 858, 862 (Bankr. S.D. Fla. 2009). As such, the Court declines to exclude the First and Third Coleman Declarations on the basis of lack of personal knowledge.

### B. *Admissibility Under Federal Rule Of Evidence 1006*

The substance of the Declarations is more problematic. Mr. Fox argues the Coleman Declarations are admissible summaries of Coleman's review of "many thousands of receipts and hundreds of menus" produced by Ritz-Carlton, and that such summaries are permissible pursuant to Federal Rule of Evidence 1006. Resp. at 5. Rule 1006 permits a party to use "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." FRE 1006. Ritz-Carlton replies that the Coleman Declarations are not mere summaries because they contain inferences and conclusory statements that amount to attorney argument. Reply at 8.

This Court agrees the Declarations are more than mere summaries, as they are replete with inferences, opinions, and arguments by counsel. Once admitted, a Rule 1006 summary constitutes substantive evidence. *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004), *see also United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir.1977) ("Although the word 'evidence' does not appear in its text we construe the rule as treating summaries as evidence[.]"). "[B]ecause 'summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence. *Peat*, 378 F.3d at 1159 (quoting *Smyth*, 556 F.2d at 1184). Moreover, the Rule contemplates that any summary admitted will have been prepared by a witness available for cross-examination, not by the lawyers trying the case. *See United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997) (finding that Rule 1006 "does not allow for the admission of a summary ... that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits" and stating that "such a summary is a written argument.").

Coleman admits in his First and Third Declarations that his statements regarding, for example, when a particular menu was in use and when a split check of large parties properly applied service charges are inferences he drew based on his review of information produced in discovery. *See* First Coleman Decl. at ¶ 9; Third Coleman Decl. at ¶ 24. These inferences, as well as other conclusions stated by Coleman, contradict Mr. Fox's argument that he is letting the documents reviewed by Coleman "speak for themselves." Resp. at 7. Rather than let them speak for themselves, Coleman's Declarations tell us what the documents are saying (or, at least, what he thinks they say). Thus, the Coleman Declarations are better characterized as additional arguments by Mr. Fox's attorney. For example, in the Third Coleman Declaration, Coleman summarizes one of Ritz-Carlton's arguments in opposition to the Motion for Class Certification, cherry picks three examples from the self-described "many thousands of receipts" produced by Ritz-Carlton, and infers from these three examples that Ritz-Carlton is incorrect. Third Coleman Decl. at ¶¶ 7-24. That is not a summary. That is argument, and it has no place in a Rule 1006 summary.

Rule 1006 summaries must also summarize the information contained in the underlying documents "accurately, correctly, and in a nonmisleading manner." *United States v. Bray,* 139 F.3d 1104, 1110 (6th Cir. 1998). But here, the Coleman Declarations are replete with arguments and conclusions that Mr. Fox's counsel improperly attempts to present as evidence. *See Grajales-Montoya*, 117 F.3d at 361 (8th Cir. 1997); *Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350, at *5 (D. Md. Jan. 27, 2009) (striking declaration from plaintiff's attorney that includes arguments and conclusions as impermissible under Rule 1006).

Moreover, contrary to Mr. Fox's assertions, the Coleman Declarations are not mere summaries based on a simple review of documents, as contemplated by Rule 1006. Instead, Coleman uses a specific methodology to come to his conclusions. For example, to identify what Coleman asserts are receipts containing an automatic gratuity without proper notice, Coleman cross-referenced menus with Ritz-Carlton's interrogatory responses and reproduced checks from the same time period during which he *infers* the menus were in effect. *See* First Coleman Decl. at ¶¶ 9, 17. Such manipulation or use of information to draw conclusions or inferences is not a proper use of a Rule 1006 summary. *See Bray,* 139 F.3d at 1110 (Rule 1006 summaries cannot be "embellished by or annotated with the conclusions of or inferences drawn by the proponent.").

Accordingly, the Court finds that the First and Third Coleman Declarations are not proper summaries under Rule 1006 but are, instead, arguments of Mr. Fox's counsel more properly included in legal memoranda rather than supporting declarations.

Because the Coleman Declarations are inadmissible, the Court will not address Ritz-Carlton's remaining arguments for exclusion, including whether the Third Coleman Declaration is improper reply evidence. The Court notes that although the Coleman Declarations regarding the evidence relevant to the Motion for Class Certification are inadmissible, the evidence, documents, and data referenced in the Declarations speak for themselves.

### III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED and ADJUDGED** that

1. Defendant's Motion to Exclude Declarations of Edward Coleman in Support of Plaintiff's Motion for Class Certification (the "Motion") [ECF No. 94] is **GRANTED**;

2. The First and Third Coleman Declarations [ECF Nos. 67-1, 69-1, and 85-5], filed in support of Plaintiff's Motion for Class Certification, are **STRICKEN** and will not be considered in review of Plaintiff's Motion for Class Certification.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of July, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE