UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-CV-24284-COOKE

MICHAEL FOX,
on behalf on himself and all
others similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
REPLY DECLARATION OF PLAINTIFF MICHAEL FOX [ECF NO. 95]**

THIS CAUSE came before the Court on Defendant, The Ritz-Carlton Hotel Company, LLC's ("Defendant" or "Ritz-Carlton"), Motion to Exclude Reply Declaration of Plaintiff Michael Fox in Support of Plaintiff's Motion for Class Certification and Plaintiff's Deposition Errata [ECF No. 95] (the "Motion"). This matter is before the undersigned pursuant to an Endorsed Order of Referral by United States District Judge Marcia G. Cooke. [ECF No. 123]. *See* 28 U.S.C.§ 636(b)(1)(A).

THIS COURT has reviewed the Motion [ECF No. 95], the Response and Reply thereto [ECF Nos. 106[1], 121], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises.

---

[1] Mr. Fox filed a redacted version of the Response in Opposition to the Motion on December 17, 2021. [ECF No. 106]. Mr. Fox then filed an unredacted version of the Response under seal on December 23, 2021 [ECF No. 116] after approval from the Court. *See* ECF Nos. 103, 111.

In the Motion, Ritz-Carlton argues that the Declaration of Michael Fox in Support of Plaintiff's Reply in Support of Class Certification [ECF No. 85-9 (the "Fox Declaration")] should be excluded as improper reply evidence. Mot. at 11. Ritz-Carlton also asks the Court to exclude the Fox Declaration and a deposition errata served by Mr. Fox (the "Fox Errata") on the grounds "they are shams that directly contradict Mr. Fox's sworn deposition testimony." *Id.* In response, Mr. Fox argues that the Fox Declaration rebuts arguments raised by Ritz-Carlton in its Response in Opposition to the Motion for Class Certification, that Mr. Fox properly served the Fox Errata, and that, if it believes there is new material requiring a response, Ritz-Carlton may request leave to submit a sur-reply responding to the allegedly new material it contests. *See* ECF No. 116 (the "Response").

For the reasons set forth below, the Court denies the Motion.

## I. BACKGROUND

Plaintiff, Michael Fox, filed this consumer class action on behalf of himself and all others similarly situated against Ritz-Carlton for its alleged violations of Section 509.214 of the Florida Statutes, which requires every public food establishment[2] that includes an automatic gratuity or service charge in the price of the meal to provide notice of the automatic gratuity on both the food menu and on the face of the bill provided to the customer. Fla. Stat. § 509.214.

---

[2] "Public food service establishment" means any building, vehicle, place, or structure, or any room or division in a building, vehicle, place, or structure where food is prepared, served, or sold for immediate consumption on or in the vicinity of the premises; called for or taken out by customers; or prepared prior to being delivered to another location for consumption. Fla. Stat. § 509.013.

Counts One and Two of the Amended Complaint allege violations of the Florida Unfair and Deceptive Trade Practices Act ("FDUPTA"), and Counts Four and Five seek a declaratory judgment and injunctive relief under FDUPTA, respectively.[3] [ECF No. 18].

The background and facts relevant to the Court's consideration of the Motion are discussed below.

### A. *Factual Background*

According to the allegations in the Motion for Class Certification (which are consistent with the allegations in the Amended Complaint), from April 4 through April 7, 2017, Mr. Fox, stayed at the Ritz-Carlton Key Biscayne in Miami, Florida. [ECF No. 67] at 2. During his stay, Mr. Fox ordered and paid for food and beverages from three separate public food service establishments located on the hotel property: Lightkeepers, Cantina Beach, and Key Pantry. *Id*.

On April 5, 2017, Mr. Fox dined at Lightkeepers. *Id*. Mr. Fox alleges he ordered from the Lightkeepers menu, which consisted of a single page. *Id*. According to Mr. Fox, at the bottom of the one-page menu, the following was written in italicized type that was smaller and less bold than the other items written on the menu: "A suggested 18% gratuity will be added to your check. Please feel free to raise, lower, or remove this gratuity at your discretion." *Id*. at 2-3. He alleges that when he was done eating, he was presented with a check that included an 18% service charge. [ECF No. 67-3]. Under the total amount due on the check, there was a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." *Id*. Mr. Fox added a $9.00 gratuity

---

[3] Count Three, alleging violations of the Florida Administrative Code, was dismissed. *See* ECF Nos. 31, 39.

(more than 20% of the total bill) and signed the check, charging the full amount to his room. *Id.*

Later that same day, Mr. Fox ordered food and drinks at Cantina Beach, the pool bar and restaurant at the hotel. [ECF No. 67] at 3. Mr. Fox alleges that the following statement appeared at the bottom of that menu, in type smaller than the other items on the menu: "A suggested 18% gratuity will be added to your check for your convenience." *Id.* He alleges that when he was done eating, he was again presented with a check that included an 18% service charge. *Id.* Similar to the check he received at Lightkeepers, the check from Cantina Beach contained a section labeled "PLEASE COMPLETE FOR ROOM CHARGES," which included an empty line for "Additional Gratuity." [ECF No. 67-5]. Mr. Fox added an $18.00 gratuity (approximately 9% of the total bill) and signed the check, charging the full amount to his room. *Id.*

And, later that same day, Mr. Fox ordered snacks and bottled water from another establishment at the hotel known as the Key Pantry. [ECF No. 67] at 3. Mr. Fox alleges that he reviewed the menu at Key Pantry, and it did not mention any automatic gratuity or service charge. *Id.* Here, Mr. Fox was presented with a check similar to the ones he signed earlier that day. [ECF No. 67-5]. This check also included an 18% service charge and contained a space for "Additional Gratuity." *Id.* Having purchased only bottled water and snacks, Mr. Fox did not add any additional gratuity and charged the full amount of the check to his room. *Id.*

### B. Procedural Background

Mr. Fox filed the original complaint on November 28, 2017. After Ritz-Carlton filed a Motion to Dismiss, Mr. Fox filed the operative Amended Complaint on February 15, 2018.

4

[ECF No. 18]. On January 22, 2019, Judge James Lawrence King dismissed the case *sua sponte* for lack of subject-matter jurisdiction. [ECF No. 31]. Fox appealed the dismissal order [ECF No. 32], and the United States Court of Appeals for the Eleventh Circuit reversed the dismissal of Counts One, Two, Four, and Five, affirmed the dismissal of Count Three, and remanded the case for further proceedings. *See* ECF No. 39 at 22. The case was reassigned to Judge Cooke after remand. [ECF No. 41].

  1. *Plaintiff's Motion For Class Certification And Deposition*

Fox timely filed his Motion for Class Certification on October 1, 2021. [ECF No. 67]. On October 21, 2021, Ritz-Carlton deposed Mr. Fox. During the deposition, Ritz-Carlton's counsel showed Mr. Fox menus from Key Pantry, Cantina Beach, and Lightkeepers and asked if he remembered seeing the menus before, to which Mr. Fox responded: "No," "I do not," "I do not recall," and "I cannot recall." *See* ECF No. 95-1 at 9, 15, 19 (the relevant excerpts of Mr. Fox's deposition transcript are attached to the Declaration of Ryan Watstein, filed in support of Defendant's Motion). Mr. Fox also testified that he realized automatic gratuity had been applied to his restaurant bills before he paid Ritz-Carlton for his stay. *Id*. Ritz-Carlton emphasized some (but not all) of these responses to deposition questions in its Response in Opposition to the Motion for Class Certification, which it filed on October 25, 2021, shortly after Mr. Fox's deposition. [ECF Nos. 75, 77][4].

  2. *The Fox Declaration*

On November 11, 2021, Mr. Fox filed a Reply in Support of the Motion for Class Certification [ECF No. 85], which included the Fox Declaration as an exhibit in support. In

---

[4] A redacted version of Defendant's Response in in Opposition to the Motion for Class Certification was filed on October 25, 2021 [ECF No. 75], and an unredacted version was filed under seal the following day on October 26, 2021. [ECF No. 77]

his Declaration, Fox states that he was shown menus from Cantina Beach, Key Pantry, and Lightkeepers during his deposition and that he could not recall at the time if they were the same menus he saw during his stay at the Ritz-Carlton Key Biscayne. Fox Decl. at ¶¶ 3-9. Specifically, he states: "While I cannot recall the specific versions of menus I saw . . . I believe I saw the menus attached here [to the Declaration]. . . or menus substantially similar to them, when I was at the hotel." *Id*. at ¶ 17 (alterations added). Mr. Fox also states, among other things, that he was unaware that an automatic gratuity or service charge would be applied to his bills at Ritz-Carlton's restaurants. *Id*. at ¶ 16.

    3.    *The Fox Errata*

Pursuant to Rule 30(e)(B) of the Federal Rules of Civil Procedure, Mr. Fox had until November 20, 2021, to review his deposition transcript and make any corrections. Fed. R. Civ. P. 30(e)(B). On November 19, 2021, Mr. Fox timely served his corrections (the "Fox Errata"). The Fox Errata includes corrections to his responses to questions regarding the menus he was shown during his deposition. Specifically, Mr. Fox changed the responses described above from "No" to "Not this Menu," from "I do not recall" to "I do not recall if I saw this menu," and from "I cannot recall" to "I cannot recall if I saw these menus". [ECF 95-1] at 22-23 (the Fox Errata is attached to the Declaration of Ryan Watstein filed in support of Defendant's Motion).

    4.    *The Motion To Exclude The Fox Declaration and Fox Errata*

On December 3, 2021, Ritz-Carlton filed the Motion at issue seeking to exclude the Fox Declaration and Fox Errata on the grounds the Fox Declaration is improper reply evidence and that both the Fox Declaration and Fox Errata contradict Mr. Fox's sworn deposition testimony." *See* Motion at 1.

6

The Motion for Class Certification and the instant Motion are ripe for disposition. The Court notes that it has already considered and ruled on two other motions to exclude declarations filed by Mr. Fox in support of the Motion to Certify the Class. *See* Order on Motion to Exclude Francis Decl. [ECF No. 127] and Order on Motion to Exclude Coleman Decls. [ECF No. 130]. In addition, Ritz-Carlton's Motion for Sanctions [ECF No. 96], based in part on Mr. Fox's various declarations, is also before this Court and will be addressed by a separate order.

## II. DISCUSSION

### A. *Whether The Fox Declaration Is Improper Reply Evidence*

Rule 7.1(c) of the Local Rules of the Southern District of Florida provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c). Thus, "[a] reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015) (Bloom, J.), *aff'd*, 839 F.3d 1003 (11th Cir. 2016) (quoting *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14–20140–CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (Goodman, J.)). However, there is a subtle yet noteworthy distinction that exists between "new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other." *Giglio Sub s.n.c. v. Carnival Corp.*, No. 12–21680–CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012) (Rosenbaum, J.), *aff'd*, 523 F. App'x 651 (11th Cir. 2013). Local Rule 7.1(c) does not prohibit the addition of affidavits and declarations accompanying a reply memorandum. *See* S.D. Fla. L.R. 7.1(c)

("All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing"). Thus, while raising new arguments on reply is generally inappropriate, reply evidence "may contain facts not previously mentioned in the opening brief, as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues." *Giglio*, 2012 WL 4477504, at *2 (citing *Burger King Corp. v. Ashland Equities, Inc.*, 217 F. Supp. 2d 1266, 1280–81 (S.D. Fla. 2002) (Gold, J.); *see also ABCO Premium Fin. LLC v. Am. Int'l Grp., Inc.*, No. 11–23020–CIV, 2012 WL 3278628, at *4 (S.D. Fla. Aug. 9, 2012) (Scola, J.), aff'd, 518 F. App'x 601 (11th Cir.2013) ("While the raising of new issues and submission of new facts in reply brief is improper, a court has the discretion to consider the additional exhibits despite this procedural shortcoming" (internal quotation and citation omitted)).

Here, Ritz-Carlton argues that filing the Fox Declaration with the Reply in Support of the Motion for Class Certification was prejudicial because it denied Ritz-Carlton the opportunity to address the Fox Declaration and to question Mr. Fox about it during his deposition. However, Ritz-Carlton filed a Sur-Reply in Opposition to the Motion for Class Certification after reviewing the Fox Declaration, and Ritz-Carlton's Sur-Reply cites to the Fox Declaration several times to support its arguments. *See* ECF No. 113 at 10, 13. Thus, the filing of the Fox Declaration with the Reply did not so prejudice Ritz-Carlton because it did have the opportunity to address the points made therein and did in fact do so. Moreover, the Court is not convinced that Ritz-Carlton suffered prejudice by not being able to question Mr. Fox regarding his Declaration during his deposition. The Fox Declaration does not "raise new arguments or evidence" but rather clarifies Fox's deposition testimony. Ritz-Carlton will

have the opportunity to cross-examine Mr. Fox on any inconsistencies between the Declaration and his deposition testimony during trial.

Thus, for the foregoing reasons, the Court declines to exclude the Fox Declaration on the basis that it is improper reply evidence.

### B. Whether The Fox Declaration And Fox Errata Are Shams

Turning to Ritz-Carlton's second basis for exclusion of the Fox Declaration and for exclusion of the Fox Errata, the Court notes that it is within the Court's discretion to strike a declaration that "contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). However, the Eleventh Circuit has cautioned that exclusion of declarations on these grounds should be done "sparingly", *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987), and only when the declaration or affidavit "contradicts, without explanation, previously given clear testimony." *Lane v. Celotex Corp.*, 782 F.2d 1526, 1532 (11th Cir. 1986) (quoting *Van T. Junkins*, 736 F.2d at 657). Therefore, this Court reviews the Declaration to determine whether there are unexplained inconsistencies between the Declaration and his deposition testimony. In doing so, the Court distinguishes between "discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir.1986).

While the Eleventh Circuit has not addressed the issue of "sham" revisions to errata sheets, a review of decisions from other Circuits reflects they analyze errata sheets the same as affidavits to determine if they are "shams." *See, e.g., EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010); *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003); *see also Stallworth v. Huffman,* No. CV 07-00439-KD-B, 2008 WL

11388125, at *2 (S.D. Ala. June 2, 2008) (applying sham affidavit concept to deposition errata).

Here, Mr. Fox modified his deposition testimony regarding whether the menus he was shown during his deposition were the same as the ones he saw during his stay at the Ritz-Carlton. With his errata sheet, Mr. Fox changed his responses to specific questions during the deposition from "No" to "Not this menu," from "I do not recall" to "I do not recall if I saw this menu," and from "I cannot recall" to "I cannot recall if I saw these menus." Fox Errata at 1-2. And, through his Declaration, Mr. Fox further clarified that he could not recall if the menus he was shown for Lightkeepers and Cantina Beach were "the exact menu[s] I saw . . . when I visited Ritz Key Biscayne" but that he believed he saw those menus, or ones substantially similar to them, during his stay. Fox. Decl. at ¶¶ 3-6. Regarding the Key Pantry menu from his deposition, Mr. Fox reiterated that the menu was not familiar to him. *Id.* at ¶¶ 8-9. Rather, he states in his Declaration that, "[after] taking the opportunity to review the menus closer," he believes the Key Pantry menu he submitted with the Motion for Class Certification was the menu he saw during his visit. Fox Decl. at ¶¶ 8-12.

Although a jury may find these changes affect Mr. Fox's credibility or diminish his persuasiveness, the changes are not so "inherently inconsistent" with his deposition testimony that the Court must disregard them as a matter of law. *See Tippens*, 805 F.2d at 954; *see also Maharaj v. GEICO Cas. Co.*, 996 F. Supp. 2d 1303, 1312 (S.D. Fla. 2014) (Marra, J.) ("[W]hen a party amends his testimony under Rule 30(e), the original answer to the deposition questions will remain part of the record and can be read at the trial.") (internal quotation marks omitted). Moreover, Mr. Fox provides explanations for both the Fox Declaration and the Fox

Errata, thus, he does not "contradict" his deposition testimony "without explanation." *See Lane*, 782 F.2d at 1532.

Furthermore, the timing of the Fox Declaration and the Fox Errata does not "further confirm[] they are shams that must be excluded." Reply at 8. Mr. Fox submitted the Fox Declaration and the Reply in Support of the Motion for Class Certification before the Court-ordered deadline. [ECF No. 71]. And, Mr. Fox served the Fox Errata within the 30-day time period allowed by Rule 30(e) of the Federal Rules of Civil Procedure. Thus, Ritz-Carlton's argument that the timing of the documents indicates they are shams is unpersuasive.

Therefore, for the foregoing reasons, the Court also rejects Defendant's request to exclude the Fox Declaration and Fox Errata on the grounds they are "shams."

### III. CONCLUSION

For all the reasons set forth above, it is hereby

**ORDERED and ADJUDGED** that Defendant's Motion to Exclude Reply Declaration of Plaintiff Michael Fox in Support of Plaintiff's Motion for Class Certification and Plaintiff's Deposition Errata [ECF No. 95] is **DENIED.** The Fox Declaration will remain part of the Motion for Class Certification record for consideration by the Court on review of that Motion.

**DONE AND ORDERED** in Chambers at Miami, Florida this 12th day of July, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE