UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-CV-24284-COOKE

MICHAEL FOX,
on behalf on himself and all
others similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 96]**

THIS CAUSE is before the Court on Defendant, The Ritz-Carlton Hotel Company, LLC's ("Defendant" or "Ritz-Carlton"), Motion for Sanctions (the "Motion"), filed December 3, 2021. [ECF No. 96]. This matter is before the undersigned pursuant to an Endorsed Order of Referral by United States District Judge Marcia G. Cooke. [ECF No. 123]. *See* 28 U.S.C.§ 636(b)(1)(A).

THIS COURT has reviewed the Motion, the Response [ECF No. 104 (the "Response")], and the Reply thereto [ECF No. 119 (the "Reply")], the pertinent portions of the record, and all relevant authorities, and is otherwise fully advised in the premises.

In the Motion, Ritz-Carlton seeks an award of sanctions against Plaintiff, Michael Fox's ("Plaintiff" or "Mr. Fox"), counsel pursuant to Title 28, United States Code, Section 1927, on grounds Mr. Fox's counsel has allegedly multiplied these proceedings through their "unreasonable and vexatious" conduct. *See* Mot. at 16. In response, Mr. Fox argues his

counsel conducted themselves professionally and in good faith and that it is Ritz-Carlton's counsel who is unnecessarily multiplying these proceedings through their motion practice. *See* Resp. at 13-14.

The Court observes that the litigation in this case, which has been ongoing for four and a half years, is contentious, to say the least. Four years after the case was filed, Ritz-Carlton filed the Motion now before the Court, contending that Mr. Fox's lawsuit and class certification motion are so entirely baseless that his counsel's pursuit of the claims is egregious and must be sanctioned. Ritz-Carlton's Motion is not supported by the record, and, therefore, this Court denies the Motion as set forth below.

**I.     BACKGROUND**

In November 2017, Mr. Fox filed this consumer class action on behalf of himself and all others similarly situated against Ritz-Carlton alleging violations of Section 509.214 of the Florida Statutes, which requires every public food establishment[1] that includes an automatic gratuity or service charge in the price of the meal to provide notice that the automatic gratuity is included on both the food menu and on the face of the bill provided to the customer. [ECF No. 1].

According to the allegations in the Motion for Class Certification (which are consistent with the allegations in the Amended Complaint), from April 4 through April 7, 2017, Mr. Fox stayed at the Ritz-Carlton Key Biscayne in Miami, Florida. [ECF No. 67] at 2. During his stay, Mr. Fox ordered and paid for food and beverages from three separate public food

---

[1] "Public food service establishment" means any building, vehicle, place, or structure, or any room or division in a building, vehicle, place, or structure where food is prepared, served, or sold for immediate consumption on or in the vicinity of the premises; called for or taken out by customers; or prepared prior to being delivered to another location for consumption. Fla. Stat. § 509.013.

2

service establishments located on the hotel property: Lightkeepers, Cantina Beach, and Key Pantry. *Id*. Mr. Fox alleges that each of these establishments charged him automatic gratuities without providing adequate notice, in contravention of Section 509.214 of the Florida Statutes.

Mr. Fox filed the original complaint on November 28, 2017, and, after Ritz-Carlton filed a Motion to Dismiss, Fox filed the operative Amended Complaint on February 15, 2018. [ECF No. 17]. On January 22, 2019, District Judge James Lawrence King dismissed the case *sua sponte* for lack of subject-matter jurisdiction. [ECF No. 31]. Mr. Fox appealed the dismissal order. [ECF No. 32]. The United States Court of Appeals for the Eleventh Circuit reversed the order dismissing Counts One, Two, Four, and Five, affirmed the dismissal of Count Three, and remanded the case for further proceedings. *See* ECF No. 39 at 22. The case was reassigned to Judge Cooke after remand. [ECF No. 41].

On October 1, 2021, Mr. Fox filed his Motion for Class Certification. [ECF No. 67]. Ritz-Carlton then filed several motions to exclude evidence related to the Motion for Class Certification, as well as the Motion for Sanctions now before the Court. *See* ECF Nos. 79, 94-96. It is the grounds asserted by Ritz-Carlton in its own motions that serve as the basis, primarily, for the sanctions motion now before the Court.

## II. RITZ-CARLTON'S MOTIONS TO EXCLUDE PLAINTIFF'S EVIDENCE IN SUPPORT OF CLASS CERTIFICATION

Ritz-Carlton filed three motions to exclude declarations submitted by Mr. Fox in support of the Motion for Class Certification: (1) Motion to Exclude Unfiled Declaration of James Francis [ECF No. 79]; (2) Motion to Exclude Declarations of Edward Coleman [ECF No. 94]; and (3) Motion to Exclude Reply Declaration of Plaintiff Michael Fox and Plaintiff's Deposition Errata [ECF No. 95].

3

### A. Ritz-Carlton's Motion to Exclude the Francis Declaration

In the Motion for Class Certification, Mr. Fox cites the declaration of his attorney, James A. Francis (the "Francis Declaration"), and the exhibits thereto. *See* ECF No. 67. Although Mr. Fox filed the referenced exhibits concurrently with the Motion for Class Certification, he failed to file the Francis Declaration itself. *See* ECF No. 67. Therefore, without first conferring with Mr. Fox's counsel or otherwise bringing to their attention that the Francis Declaration had not been filed and without having seen the Declaration, Ritz-Carlton filed a Motion to Exclude the Francis Declaration. [ECF No. 79]. The Motion to Exclude was based on the untimeliness of the Declaration and attacked what Ritz-Carlton assumed the substance of the Declaration to be.

This Court denied Ritz-Carlton's Motion to Exclude the Francis Declaration, finding that Mr. Fox's counsel's failure to timely file the Francis Declaration was excusable, and rejected Ritz-Carlton's arguments that the Declaration was otherwise inadmissible under the Federal Rules of Evidence. S*ee* Order on Francis Decl. [ECF No. 127] at 12-16. In denying the Motion to Exclude the Francis Declaration, this Court also pointed out that the Motion violated this Court's Local due to Ritz-Carlton's counsel's failure to confer with Mr. Fox's counsel prior to filing the Motion.

### B. Ritz-Carlton's Motion To Exclude The Coleman Declarations

Mr. Fox also filed the declarations of another one of his attorneys, Edward Coleman, in support of class certification. In the First Coleman Declaration, submitted in support of the Motion for Class Certification, Mr. Coleman sets forth his observations, conclusions, and inferences drawn from the review of documents and data produced by Ritz-Carlton in discovery. [ECF No. 69-1] (the "First Coleman Declaration"). Mr. Fox submitted another

declaration from Mr. Coleman (the "Third Coleman Declaration") with his Reply in Support of Class Certification. [ECF No. 85-5]. The Third Coleman Declaration is similar to the first in that it also contains Mr. Coleman's inferences, observations, and opinions based on his review of documents and data produced by Ritz-Carlton.

Ritz-Carlton moved to exclude the First and Third Coleman Declarations on grounds the Declarations were not based on personal knowledge, were improper lay opinions, and were improper reply evidence. *See* ECF No. 94. Finding the Coleman Declarations were not proper summaries under Rule 1006 of the Federal Rules of Evidence and that they included arguments of counsel that are inappropriate in a declaration to be used as evidence, the Court granted the Motion to Exclude the Coleman Declarations. *See* Order on Coleman Decls. [ECF No. 130].

    C. *Ritz-Carlton's Motion To Exclude The Fox Declaration And Fox Errata*

Mr. Fox also submitted his own Declaration (the "Fox Declaration") in support of his Reply in Support of Class Certification [ECF No. 85-9]. Shortly thereafter, Mr. Fox timely served his deposition transcript corrections (the "Fox Errata"). *See* ECF No. 95-1 at 22-23. Ritz-Carlton argued that the Fox Declaration and the Fox Errata are "shams" and moved to exclude them both. [ECF No. 95]. This Court disagreed and denied the motion, finding that Ritz-Carlton's challenges may more appropriately be used as bases for attacking Mr. Fox's credibility on cross-examination and do not demonstrate that the Declaration or Errata are shams. *See* Order on Fox Decl. [ECF No. 130].

Thus, of its three Motions to exclude declarations submitted by Mr. Fox in support of class certification, Ritz-Carlton prevailed on one.

### III. MR. FOX'S MOTION TO QUASH THE SILVERMAN SUBPOENA

In addition to its motions to exclude declarations offered by Mr. Fox, Ritz-Carlton also cites Fox's attempts to prevent the deposition of Meredith Silverman in support of its sanctions motion. Mr. Fox moved to quash the Silverman subpoena, and the Court denied the motion. *See* ECF No. 102 (December 9, 2021, Hearing transcript). Ritz-Carlton deposed Ms. Silverman shortly thereafter. *See* Reply at 5 (referring to Ms. Silverman's deposition testimony).

### IV. THE MOTION FOR SANCTIONS

On December 3, 2021, Ritz-Carlton filed the Motion for Sanctions [ECF No. 96] concurrently with its Motion to Exclude the Coleman Declarations and Motion to Exclude the Fox Declaration and Fox Errata. In the Motion, Ritz-Carlton argues that Mr. Fox's counsel has engaged in "unreasonable and vexatious" conduct warranting sanctions pursuant to Section 1927. Mot. at 15. The alleged misconduct includes:

> (1) filing and maintaining a putative class action based on demonstrably false allegations that they took no discovery on; (2) filing a Certification Motion based on those same false allegations (and without any admissible evidentiary support) that contradicts Plaintiff's own deposition testimony and relies on inadmissible pseudo-expert analysis from counsel that is also demonstrably false; (3) attempting to introduce new sham evidence on reply which contradicts Plaintiff's deposition testimony; (4) submitting an errata to substantively change Plaintiff's deposition testimony to conform to that sham evidence; and (5) failing to produce a fact witness for deposition.

*Id*. Ritz-Carlton argues that the foregoing conduct has substantially multiplied proceedings and necessitated the filing of the numerous evidentiary motions described above. *See id*. Thus, Ritz-Carlton requests that the Court impose sanctions against Mr. Fox's counsel and reimburse Ritz-Carlton for the expenses it incurred in addressing Mr. Fox's alleged misconduct. *Id*.

In response, Mr. Fox argues that his counsel's conduct throughout this litigation has been appropriate. *See* Resp. at 12-13. Contrary to Ritz-Carlton's allegations, Mr. Fox claims he has diligently pursued discovery and worked cooperatively and in good faith with Ritz-Carlton's previous attorneys – that is, apparently, until Ritz-Carlton's current counsel entered the case. *See id*. at 13-15. Mr. Fox argues that it is Ritz-Carlton's counsel who has needlessly multiplied these proceedings and acted vexatiously (although Mr. Fox did not cross move for sanctions). *See id* at 20.

## V. APPLICABLE LEGAL STANDARD

Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "[T]he statute sets out a three-prong, conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings." *Macort v. Prem, Inc.*, 208 F. App'x 781, 785-86 (11th Cir. 2006) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). "All three requirements must be met before sanctions are imposed." *Id*. at 786.

"[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). "But it is clear from the statutory language and the case law that for purposes of § 1927, bad

faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id*.

As further explained by the Eleventh Circuit:

> [A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorney fees reasonably incurred" because of the attorney's misconduct—that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.

*Id*. at 1242 (emphasis in original) (citations omitted).

Thus, in determining whether an attorney's conduct violates this standard, the Court compares the actions at issue with how a reasonable attorney would have acted under the circumstances. *Goodman v. Tatton Enterprises, Inc.*, No. 10-60624-CIV, 2012 WL 12540024, at *29 (S.D. Fla. June 1, 2012) (Rosenbaum, J.), report and recommendation adopted, No. 10-60624-CIV, 2012 WL 12540103 (S.D. Fla. Aug. 14, 2012) (citing *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)).

## VI.  DISCUSSION

Ritz-Carlton argues that Mr. Fox's counsel engaged in "unreasonable and vexatious" conduct by doing the following:

(1) filing and maintaining a putative class action based on demonstrably false allegations regarding which Mr. Fox's counsel took no discovery;
(2) filing a Motion for Class Certification based on those same false allegations and without any admissible evidentiary support;
(3) attempting to introduce new "sham" evidence on reply via the Fox Declaration;
(4) submitting the Fox Errata to change Mr. Fox's testimony to conform with the "sham" Fox Declaration; and
(5) failing to produce Ms. Silverman for her deposition.

*See* Mot. at 15. The Court considers these allegations, in turn, to determine whether Ritz-Carlton has demonstrated that Mr. Fox's counsel's conduct was so egregious as to warrant sanctions.

### A. The Filing Of The Lawsuit Based On Allegedly False Allegations And Failure To Conduct Discovery

The first allegedly vexatious conduct challenged by Ritz-Carlton is the initial filing of Mr. Fox's lawsuit, in which Ritz-Carlton alleges Mr. Fox's counsel used "baseless allegations to force class-wide discovery" while engaging "in virtually no discovery." *See* Mot. at 3.

Initially, challenges to the merits or good faith bases for the filing of pleadings are more appropriately asserted pursuant to Federal Rule of Civil Procedure 11, which addresses frivolous and legally unsupported claims, defenses and other legal contentions. *See* Fed. R. Civ. P. 11. Rule 11 challenges require pre-filing notice to opposing counsel, which does not appear to have been given in this case.

In any event, even if Section 1927 was the proper mechanism for attacking the bases for the filing of a lawsuit, Ritz-Carlton has not demonstrated that Mr. Fox's allegations are entirely baseless such that their filing rises to the level of egregious. Rather, the Court observes that this litigation has been ongoing for four and a half years. Although Ritz-Carlton initially moved to dismiss the Amended Complaint for failure to state a claim, after the case was remanded from the Eleventh Circuit (which scrutinized Mr. Fox's claims for subject matter jurisdiction), Ritz-Carlton appears to have abandoned its 12(b)(6) challenge and instead answered the Amended Complaint. Nor did Ritz-Carlton file a motion for judgment on the pleadings or exercise any other legal challenge to the sufficiency of the claims asserted in the Amended Complaint. Ritz-Carlton's claims, lodged more than three (3) years after the initiation of this lawsuit, that sanctions should be imposed because the allegations in the

lawsuit are allegedly baseless, are not well taken. Nor has Ritz-Cartlon demonstrated that Mr. Fox's counsel acted egregiously in maintaining this action in a manner "tantamount to bad faith.'" *Norelus*, 628 F.3d at 1282. No doubt, the litigation has been contentious, but considering that Mr. Fox has survived numerous challenges to his claims and evidence thus far, it can hardly be said that his claims lack any legal support. And even if Ritz-Carlton ultimately prevails on the merits, as one court recently observed, sanctions under section 1927 are "a strong medicine used sparingly"; they require "more than a lack of merit ... or [else] they would be due in every case." *Caiazza v. Marceno*, No. 2:18-cv-784-SPC-MRM, 2021 U.S. Dist. LEXIS 60721, 2021 WL 1193166, *1 (M.D. Fla. Mar. 30, 2021) (Chappell, J.) (internal citations omitted).

Ritz-Carlton's argument that Mr. Fox has engaged in no discovery in furtherance of his claims is also belied by the record. As Ritz-Carlton admits in the Motion, Mr. Fox issued interrogatories and requests for production and deposed Ritz-Carlton's corporate representative. *Id.* Therefore, it appears Mr. Fox did pursue discovery, just not the discovery that Ritz-Carlton apparently wanted him to conduct. *See* Resp. at 14.

Thus, the Court finds that Ritz-Carlton has not demonstrated that the filing and pursuit of this lawsuit warrants an award of sanctions.

B.  *The Filing Of The Motion For Class Certification*

Ritz-Carlton also fails to demonstrate that Section 1927 sanctions are warranted on grounds Mr. Fox's allegations in support of class certification are "demonstrably false" or that Mr. Fox's counsel acted egregiously in filing the Motion for Class Certification based on those allegations. *See* Mot. at 16.

Again, to the extent Ritz-Carlton is arguing that the Motion for Class Certification is frivolous or lacks legal or evidentiary support, the appropriate course of action would have been to proceed under Rule 11. Ritz-Carlton's request for Section 1927 sanctions is primarily based on a challenge to the merits of the class certification motion. That motion, however, has not yet been ruled on, and, therefore, it would be premature for the Court, at this juncture, to make a determination that the Motion altogether lacks merit. Nevertheless, even if the Court ultimately determines that the class certification motion lacks merit, as noted above, that, in itself, does not warrant Section 1927 sanctions. Rather, counsel's conduct in pursuing the motion must be egregious.

In support of the contention that Mr. Fox's counsel acted egregiously in filing the Motion for Class Certification, Ritz-Carlton claims that the Motion lacks any admissible evidentiary support. The record reflects otherwise.

This Court has already rejected Ritz-Carlton's challenges to the Francis and Fox Declarations, offered in support of the Motion for Class Certification, and further notes that Mr. Fox submitted ample evidence in support of the Motion, including documents produced by both parties in discovery and excerpts from the deposition testimony of Ritz-Carlton's corporate representative. *See* ECF Nos. 67, 80. Therefore, Ritz-Carlton's claim that the Motion for Class Certification is supported by no admissible evidence is false and certainly does not warrant an award of sanctions.

C. *The Filing Of The Allegedly "Sham" Fox Declaration And Errata*

Ritz-Carlton's argument that the filing of the Fox Declaration and the Fox Errata show sanctionable conduct by Mr. Fox's counsel also lacks merit. As indicated above, this Court already denied Ritz-Carlton's Motion to Exclude the Fox Declaration and the Fox Errata and

11

found that neither amounts to inadmissible "sham" evidence. *See* Order on Fox Decl. at 10. Having already determined that Ritz-Carlton failed to demonstrate that these documents should be excluded, this Court finds no basis for finding that their filing is sanctionable.

### D. *Ms. Silverman's Deposition*

Lastly, Ritz-Carlton argues that Mr. Fox's counsel's initial failure to produce Ms. Silverman for her deposition shows unreasonable and vexatious conduct. Mot. at 18. Although counsel for Mr. Fox did fail to produce Ms. Silverman for her originally scheduled deposition, they informed Ritz-Carlton ahead of time that she would not be appearing and that they would be filing a motion to quash the subpoena. *See* Ex. A to Francis Sanctions Decl. at 44. After the Court denied Mr. Fox's Motion to Quash, Ms. Silverman appeared and sat for her deposition. *See* December 9, 2021, Hr'g Tr.; Reply at 5 (referring to Ms. Silverman's deposition testimony). This Court already addressed Mr. Fox's grounds for seeking to quash the subpoena for Ms. Silverman's deposition, and in considering Fox's arguments, the Court did not find that Mr. Fox or his counsel acted egregiously or in bad faith in filing the motion. *See* December 9, 2021, Hr'g Tr. Nor does the Court now find that Mr. Fox's counsel's conduct was particularly unreasonable or egregious under the circumstances.

In sum, the Court finds that Ritz-Carlton has not demonstrated that Mr. Fox's counsel's conduct in this case has been so egregious that it amounts to bad faith. Although the Court excluded the Coleman Declarations and denied Mr. Fox's Motion to Quash, the record reflects that the filing of these documents by Mr. Fox's counsel was neither unreasonable nor vexatious. Thus, sanctions are not justified under 28 U.S.C. § 1927.

## VII. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED and ADJUDGED** that

1. Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 [ECF No. 96] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of July, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE