UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-24284-COOKE/DAMIAN

MICHAEL FOX,
*on behalf of himself and all others similarly situated*,

    Plaintiff,

vs.

THE RITZ-CARLTON HOTEL COMPANY, LLC,

    Defendant.

_____/

**REPORT & RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 92]**

THIS CAUSE is before the Court on Plaintiff, Michael Fox's ("Plaintiff" or "Mr. Fox"), Motion for Partial Summary Judgment (the "Motion"), filed December 3, 2021. [ECF No. 92]. This matter is before the undersigned pursuant to an Endorsed Order of Referral by United States District Judge Marcia G. Cooke. [ECF No. 123]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has considered the Motion, the Response [ECF No. 109 (the "Response")], and the Reply thereto [ECF No. 117 (the "Reply")], as well as the documents submitted in support of the parties' filings, including Mr. Fox's Statement of Material Facts ("Fox SMF") and Ritz-Carlton's Responses thereto [ECF Nos. 93, 110], the Declaration of Michael Fox [ECF No. 92-2], the Declaration of Ryan Watstein [ECF No. 109-1], the pertinent portions of the record, and all relevant authorities, and is otherwise fully advised in the premises. For the following reasons, the undersigned recommends that Mr. Fox's Motion for Partial Summary Judgment [ECF No. 92] be denied.

I. BACKGROUND

Mr. Fox filed this consumer class action on behalf of himself and all others similarly situated against Defendant, the Ritz-Carlton Hotel Company, LLC ("Defendant" or "Ritz-Carlton"), alleging violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") based on violations of Section 509.214 of the Florida Statutes and Section 8A-110.1 of the Miami-Dade County Ordinance. The Motion at issue addresses Ritz-Carlton's alleged violation of the Miami-Dade Ordinance as a *per se* violation of FDUTPA and, therefore, so will this Report and Recommendation.

Counts One and Two of the Amended Complaint allege violations of FDUTPA, and Counts Four and Five seek a declaratory judgment and injunctive relief under FDUTPA, respectively.[1] [ECF No. 18].

The background and facts relevant to Mr. Fox's allegations in this lawsuit are detailed in previous orders entered by the undersigned. See ECF Nos. 127, 129-132. Only those facts relevant to determination of the Motion now before the Court are set forth below.

A. *Factual Background*

Mr. Fox alleges that from April 4 through April 7, 2017, he stayed at the Ritz-Carlton Key Biscayne in Miami, Florida, and that while there, he ordered food and beverages from three separate public food service establishments located on the hotel property: Lightkeepers, Cantina Beach, and Key Pantry. Fox SMF at ¶¶ 1-2. Mr. Fox alleges that each of these establishments failed to provide adequate notice of automatic gratuities or services charges on

---

[1] Count Three, alleging violations of the Florida Administrative Code, was dismissed. *See* ECF Nos. 31, 39.

its menus in contravention of Section 8A-110.1 of the Miami-Dade County Ordinance (the "Ordinance"). Mot. at 1.

Section 8A-110.1 of the Miami-Dade County Ordinance requires every food service establishment in which tipping ordinarily occurs or which has a tipping policy to provide notice of whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip. MIAMI-DADE COUNTY CODE § 8A-110.1(3) (1999). This notice shall be posted conspicuously on either a sign or on the business's menu in "the same form and manner as the other items on the menu" and written in a legible manner in English, Spanish, and Creole. *Id*. According to Mr. Fox, it is undisputed that Ritz-Carlton violated the ordinance because even Ritz-Carlton's witness, Rosa Tamajon, acknowledged that the menus in use do not satisfy the requirements of the ordinance. *See* ECF No. 92-1 at 15.

### B. *Procedural Background*

Mr. Fox filed the original complaint on November 28, 2017, and, after Ritz-Carlton filed a motion to dismiss, Fox filed the operative Amended Complaint on February 15, 2018. [ECF No. 17]. On January 22, 2019, District Judge James Lawrence King dismissed the case *sua sponte* for lack of subject-matter jurisdiction. [ECF No. 31]. Mr. Fox appealed the dismissal order. [ECF No. 32]. The United States Court of Appeals for the Eleventh Circuit reversed the order dismissing Counts One, Two, Four, and Five, affirmed the dismissal of Count Three, and remanded the case for further proceedings. *See* ECF No. 39 at 22. The case was reassigned to Judge Cooke after remand. [ECF No. 41].

On December 3, 2021, both parties filed motions for summary judgment. [ECF Nos. 92, 98]. In the Motion now at issue, Mr. Fox moves for partial summary judgment and a

3

declaratory judgment on a discrete claim: that Ritz-Carlton committed *per se* FDUTPA violations by failing to include notice of automatic gratuities or service charges on its restaurant menus in the same form and manner as the items on the menus, as required by Miami-Dade County Ordinance Sec. 8A-110.1. *See* Mot. at 1. Mr. Fox also requests injunctive relief to enjoin Ritz-Carlton from committing further violations of the Ordinance. *Id.*

## II.   APPLICABLE LEGAL STANDARDS

### a. Summary Judgment

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007)). Importantly, "at the summary judgment stage the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter," but only "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary Judgment may be appropriate where the only issue presented is purely a question of law. *See Austin v. Judge*, 851 Fed.Appx. 173, 174 (11th Cir. 2021) (citing *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).

### b. FDUTPA

To prevail on a FDUTPA claim, a plaintiff must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013). "The first element may be satisfied in one of two ways: a *per se* violation or a traditional violation." *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1326 (S.D. Fla. 2017) (Moore, C.J.) (citing *Parr v. Maesbury Homes*, Inc., No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *7 (M.D. Fla. Dec. 22, 2009)). For the purposes of the Motion, Mr. Fox focuses only on the first way: the *per se* FDUTPA violation, which requires a violation of a predicate statute. *Id*. A violation of any "law, statute, rule, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate for a FDUTPA claim. *Id. See also* Fla. Stat. § 501.203(3)(c).

### III. DISCUSSION

Here, Mr. Fox argues that Section 8A-110.1 of the Miami-Dade County Ordinance proscribes unfair or deceptive practices and thus serves as a predicate for a *per se* FDUTPA violation. Mot. at 7. Therefore, according to Mr. Fox, Ritz-Carlton committed *per se* violations of FDUTPA at its restaurants because the menus it claims were in use during Mr. Fox's stay all clearly violated the Ordinance's requirement that the notice language regarding automatic gratuity be in the same form and manner as the items on the menu. Mot. at 11-12.

In response, Ritz-Carlton argues that the Ordinance is not a valid FDUTPA predicate because it is "expressly and impliedly" preempted by state law (Resp. at 7) and because it does not proscribe any practices, as required by Section 501.203(3)(c). *Id.* at 9.

### a. Preemption

First, Ritz-Carlton argues the County ordinance cannot be a predicate act because it is expressly preempted by state law. As Ritz-Carlton points out, the Florida Legislature has expressly stated that "[t]he regulation of public lodging establishments and public food service establishments . . . is preempted to the state." *Id.* (citing Fla. Stat. § 509.032(7)(a)). Thus, it follows that the Ordinance's requirement that food service establishments notify customers of an automatic tip is plainly preempted because it constitutes "regulation of . . . public food service establishments." *Id.* citing Fla. Stat. § 509.032(7)(a)). In support of this preemption argument, Ritz-Carlton provides a letter issued by the Miami-Dade County Attorney that states, in relevant part: "[B]ecause Section 8A-110.1(3) of the Code regulates food service establishments and Section 509.032(7)(a), Florida Statutes, preempts the regulation of food services establishments except in limited circumstances not applicable here, Section 8A-110.1(3) is preempted by operation of state law, and should not be enforced by county staff." *See* Defendant's Notice of Supplemental Authority [ECF No. 126].

Second, Ritz-Carlton argues that, even if the Ordinance is not expressly preempted, preemption is implied by "the Legislature's pervasive regulation of the entire field of 'public food service establishments' in Title XXXIII, Chapter 509, Part 1 of the Florida Statutes." Resp. at 7-8. As Ritz-Carlton also points out, Chapter 509, Florida Statues, includes the regulation of automatic gratuity practices—the exact subject matter the Ordinance purports to regulate. *Id. See also* Fla. Stat. § 509.214 ("Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included.")

In his Reply in support of summary judgment, Mr. Fox argues the County Ordinance is neither expressly nor impliedly preempted because an interpretation of state statutes that would impede the ability of local governments to protect its citizens "should be rejected unless the Legislature has clearly expressed the intent to limit or constrain the local government action." Reply at 2 (quoting *M&H Profit, Inc. v. City of Panama City*, 28 So. 3d 71, 77 (Fla. 1st DCA 2009)). Mr. Fox asserts that Florida has not expressly preempted local governments from requiring a notice of automatic service charges to appear in the same form and manner as the other items on the menu because Section 509.032(7), Florida Statutes, makes no express statement regarding such menu notices. *Id.* Thus, without an express statement regarding menu notices or signage in particular, the Ordinance is not in conflict with state law and the Court should interpret the state statute in a way that does not impede Miami-Dade County's broad home rule powers. *Id*. Mr. Fox does not address Ritz-Carlton's implied preemption argument.

A plain reading of the text of the Florida Statute and the County Ordinance at issue demonstrates that the County Ordinance is preempted by State law. As the Florida Supreme Court explained in *Masone v. City of Aventura*, 147 So. 3d 492, 494-95 (Fla. 2014), although municipalities are given broad authority to enact ordinances, "municipal ordinances must yield to state statutes." Such preemption of County Ordinances may be either express or implied. *Id.* at 495. The undersigned disagrees with Mr. Fox's interpretation of the Florida Statute. Section 509.032(7) expressly states that "the regulation of . . . public food service establishments . . . is preempted to the state." Fla. Stat. 509.032(7)(a). The only exception to this preemption is stated in the very next sentence of the statute: "This paragraph does not preempt the authority of a local government or local enforcement district to conduct

inspections of public lodging and public food service establishments for compliance with the Florida Building Code and the Florida Fire Prevention Code[.]" *Id*. There is no other exception to the state's preemption of the regulation of public food service establishments, and, in particular, this statute does not except from its coverage the authority of local governments to regulate notices of automatic service charges on menus. In fact, a different section in the same chapter of the Florida Statute expressly regulates the notices of automatic service charges at food service establishments. *See* Fla. Stat. § 509.214.

Basic cannons of statutory construction dictate that if the Florida Legislature had intended to exclude from the preemption provision the regulation of notices required when food establishments apply automatic gratuities, it would have done so, as it did when specifically excluding regulations concerning building inspections and fire code compliance. (Fla. Stat. § 509.032(7)(a)). Likewise, the text of the statute reflects that the legislature was aware that regulation of automatic service charges at food establishments is an issue, as it enacted a provision on that very point. Fla. Stat. § 509.214.

The undersigned is also persuaded by the Miami-Dade County Attorney's confirmation that Section 509.032(7)(a), Florida Statutes, preempts the requirements of the Miami-Dade Ordinance and that the County's staff, therefore, will not enforce the Ordinance. *See* Defendant's Notice of Supplemental Authority [ECF No. 126].

Thus, the undersigned finds that Miami-Dade County Code Section 8A-110.1(3) is expressly preempted by Florida law and therefore, is not a valid predicate for *per se* violation of FDUTPA. Because the County Ordinance is expressly preempted, the Court need not reach Ritz-Carlton's alternative arguments for denial of Mr. Fox's motion based on implied

preemption and the lack proscriptive language in the Ordinance. Nevertheless, the undersigned will briefly address implied preemption.

Review of Chapter 509 of the Florida Statutes reflects that the legislative scheme, regulation of public food service establishments, is pervasive, evidencing an intent on the part of the Florida legislature to preempt this area. *See Lake Hamilton Lakeshore Owners Ass'n, Inc. v. Neidlinger*, 182 So.3d 738, 742 (Fla. 2d DCA 2015). Indeed, as indicated above, the legislature has, in fact, regulated notice requirements when automatic gratuities are added by food service establishments. Fla. Stat. § 509.214. Thus, the undesigned finds that even if not expressly preempted, the County Ordinance at issue is impliedly preempted by state law.

The undersigned notes that although his Motion for Partial Summary Judgment should be denied, Mr. Fox is not left without predicate acts for his FDUTPA claims by virtue of the preemption of the County Ordinance. As the County Attorney points out, Section 509.214, Florida Statutes, (described above) does regulate automatic gratuities by food service establishments. Because Mr. Fox's causes of action under FDUTPA are predicated on alleged violations of both Section 509.214 of the Florida Statutes and the County Ordinance, preemption of the ordinance will not leave him without a predicate act for his FDUTPA claims.[2] The preemption of the Ordinance does mean, however, that Mr. Fox's Motion for Partial Summary Judgment must be denied.

For the foregoing reasons, the undersigned finds that Section 8A-110.1 of the Miami-Dade County Ordinance is preempted by Florida law and, therefore, the ordinance is not a valid predicate for a FDUTPA violation.

---

[2] The undersigned notes, however, that Ritz-Carlton has challenged the FDUTPA claims on other grounds in its pending Motion for Summary Judgment, which is addressed by separate Report and Recommendation.

## IV. RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that Mr. Fox's Motion for Partial Summary Judgment [ECF No. 92] be **DENIED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 29th day of July 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Marcia G. Cooke
      Counsel of Record