UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24284-Civ-COOKE/Damian

MICHAEL FOX,

    Plaintiff,
v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge (the "Report") [ECF No. 137], regarding Defendant's Motion for Summary Judgment (the "Motion") [ECF No. 98]. In Count I of his Amended Complaint [ECF No. 17], Plaintiff alleges *per se* violations of the Florida Deceptive and Unfair Trade Practices Act, Section 501.202, *et seq.*, Florida Statutes ("FDUTPA"), based on violations of Section 509.214 of the Florida Statutes, which requires every public food establishment that includes an automatic gratuity or service charge in the price of the meal to provide notice of the automatic gratuity on both the food menu and on the face of the bill provided to the customer, and of Section 8A-110.1 of the Miami-Dade County Code, which requires that if a restaurant in Miami-Dade County adds an automatic tip, it must post a notice "conspicuously, either on a sign or in a statement on the business's menu or price listing in the same form and manner as the other items on the menu or price listing, and written in a legible manner . . . ." In Count II of his Amended Complaint, Plaintiff alleges traditional violations of the FDUTPA. Count III, alleging violations of the Florida Administrative Code, was dismissed.

Case No. 17-24284-Civ-COOKE/Damian

Count IV seeks a declaratory judgment under FDUTPA and Count V seeks injunctive relief under FDUTPA.

Defendant contends that it is entitled to summary judgment as to each of Plaintiff's claims in the Amended Complaint on four grounds. First, Defendant claims that FDUTPA's safe harbor provision bars all of Plaintiff's claims because Defendant disclosed the automatic gratuity on its menus and bills as required by state law. (Motion p. 1). Second, Defendant alleges that the undisputed evidence confirms that Plaintiff cannot prove any of his FDUTPA claims for various reasons. (Motion pp. 1-2). Third, Defendant argues that all of Plaintiff's claims are barred by Florida's voluntary payment doctrine, which precludes recovery of sums paid voluntarily with full knowledge of the surrounding circumstances. (Motion p. 3). Fourth, Defendant argues that Plaintiff lacks Article III standing to bring his claims. (Motion p. 3).

In her Report, Judge Damian recommends that the Motion be granted in part and denied in part. Specifically, Judge Damian recommends that the Motion be granted as to Count I of the Amended Complaint alleging *per se* violations of FDUTPA. Judge Damian recommends denying the Motion in all other respects.

Judge Damian recommends that Plaintiff has standing under Article III of the Constitution because there is no dispute that Plaintiff has incurred economic injuries traceable to the Defendant that may be redressed by a favorable decision requiring the return of the charges paid, and the economic injury Plaintiff alleges is sufficient to establish standing. (Report p. 11). Judge Damian recommends that summary judgment be denied to the extent it is based on application of FDUTPA's safe harbor provision because the Defendant has not demonstrated it was permitted or required by state or federal law to engage in the conduct challenged by the Plaintiff: allegedly placing the relevant notices in a manner that made them illegible or

unnoticeable and therefore deceptive. (Report pp. 18-19). Judge Damian recommends that the Motion be granted with respect to Count I of the Amended Complaint alleging *per se* violations of FDUTPA because, as the Court has already determined, Miami-Dade County Ordinance, Section 8A-110.1, cannot serve as a predicate for a FDUTPA violation because it is preempted by Florida law (*see* ECF Nos. 135 and 142), and because Section 509.214 of the Florida Statutes is not a *per se* FDUTPA predicate because it does not proscribe an unfair method of competition, or an unfair, deceptive, or unconscionable act or practice. (Report pp. 20-24). Judge Damian recommends that the Motion be denied as to Plaintiff's claims of traditional violations of FDUTPA in Count II of the Amended Complaint because there are genuine issues of fact as to (1) whether the notice given to Plaintiff was deceptive because of the alleged absence of any notice on at least one menu and the allegedly smaller type and different font used on the notices in comparison to the rest of the text on the menus and bills and (2) whether Plaintiff suffered actual damages and whether those damages were a direct result of Defendant's failure to adequately disclose the automatic gratuity charges. (Report pp. 26-27). Judge Damian recommends that summary judgment be denied to the extent it is based on the application of Florida's voluntary payment doctrine because there is a genuine issue of fact as to whether Plaintiff had full knowledge that Defendant included automatic gratuity in his bills when he signed those payments and whether he could amend the charges after he had already signed the bills and left the restaurants. (Report p. 30).

Defendant timely filed objections (the "Objections") [ECF No. 141] to those parts of Judge Damian's disposition not in its favor. Plaintiff timely filed a response in opposition to Defendant's objections [ECF No. 143].

District courts must review *de novo* any part of a magistrate judge's disposition that has

been properly objected to. FED. R. CIV. P. 72(b)(3). When no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress' intent was to require *de novo* review only when objections are properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). Because Defendant filed timely objections to parts of Judge Damian's Report, the Court reviews those parts of Judge Damian's Report *de novo*.

In its Objections, Defendant argues that Plaintiff lacks standing, that Defendant is entitled to summary judgment under FDUTPA's safe harbor provision, that Plaintiff cannot prove any element of his claim of traditional violations of the FDUTPA in Count II of the Amended Complaint, and that Defendant is entitled to summary judgment under Florida's voluntary payment doctrine. (*See generally* Objections).

After conducting a *de novo* review of the record, Defendant's objections, Plaintiff's response to Defendant's objections, and the relevant legal authorities, the Undersigned finds that the Motion should be granted in part and denied in part. Specifically, the Motion should be denied as to Defendant's arguments regarding standing, the FDUTPA's safe harbor provision, Plaintiff's claims of traditional violations of FDUTPA in Count II of the Amended Complaint, and Florida's voluntary payment doctrine. The Court finds that there is no clear error as to Judge Damian's disposition with respect to Count I of the Amended Complaint alleging *per se* violations of FDUTPA. Accordingly, the Motion should be granted as to Count I of the

Case No. 17-24284-Civ-COOKE/Damian

Amended Complaint alleging *per se* violations of FDUTPA.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 137]** is **ACCEPTED AND ADOPTED**. Accordingly, Defendant's Motion for Summary Judgment **[ECF No. 98]** is **GRANTED IN PART and DENIED IN PART**.

**DONE AND ORDERED** in Miami, Florida this 26th day of September 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc: Melissa Damian, U.S. Magistrate Judge
counsel of record