UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24284-Civ-COOKE/Damian

**MICHAEL FOX**,

    Plaintiff,
v.

**THE RITZ-CARLTON HOTEL COMPANY, LLC**,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on the Order of the Honorable Melissa Damian, U.S. Magistrate Judge (the "Order") [ECF No. 132], Denying Defendant's Motion for Sanctions [ECF No. 96] (the "Motion").

In the Motion, Defendant seeks an award of sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 on the basis that they have allegedly multiplied these proceedings through "unreasonable and vexatious" conduct. (*See* Motion p. 16). Plaintiff argues in response that his counsel have conducted themselves professionally and in good faith and that it is Defendant's counsel who is unnecessarily multiplying these proceedings through their motion practice. (*See* Plaintiff's Response in Opposition to Motion, p. 1) [ECF No. 104].

Judge Damian denied the Motion, finding that it is not supported by the record. Defendant alleged that Plaintiff's counsel engaged in sanctionable conduct by filing and maintaining a putative class action based on demonstrably false allegations regarding which Plaintiff's counsel took no discovery; filing a Motion for Class Certification based on those same false allegations and without any admissible evidentiary support; attempting to introduce

new "sham" evidence on reply; submitting errata to change deposition testimony to conform with that declaration; and failing to produce a fact witness for deposition. (Motion p. 15). Judge Damian addressed each of these allegations and determined that Defendant has not demonstrated that Plaintiff's counsel's conduct warrants an award of sanctions.

Defendant timely filed objections (the "Objections") [ECF No. 140] to the Order. Plaintiff timely filed a response in opposition to Defendant's objections [ECF No. 144].

Under Fed. R. Civ. P. 72(a), a district court reviewing a magistrate judge's order shall only modify or set aside the order if it is found to be "clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a)(1). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997); *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining generally that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990).

Upon a review of the record, Defendant's objections, Plaintiff's response to Defendant's objections, and the relevant legal authorities, the Court finds that Judge Damian's Order was not clearly erroneous or contrary to law.

Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Damian's Order [**ECF No. 132**] Denying

Case No. 17-24284-Civ-COOKE/Damian

Defendant's Motion for Sanctions [ECF No. 96] is **AFFIRMED**.

**DONE AND ORDERED** in Miami, Florida this 26th day of September 2022.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc:    Melissa Damian, U.S. Magistrate Judge
       counsel of record