UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-24284-SINGHAL/REID

MICHAEL FOX, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY TO RESPOND TO NEW ARGUMENTS RAISED FOR FIRST TIME IN CERTIFICATION REPLY**

Defendant Ritz-Carlton hereby requests leave to file the attached Sur-Reply in support of its Opposition to Plaintiff's Renewed Motion for Class Certification. Ritz-Carlton seeks to file this Sur-Reply to address new arguments and representations of the record Plaintiff raises for the first time in Reply and to address Plaintiff's representations concerning the record.

By way of background, this matter was assigned to the Court from Judge Cooke's docket after Her Honor's tragic passing. While Judge Cooke was ill, she referred several pending motions to the assigned Magistrate Judge, including cross motions for summary judgment and a motion for class certification. ECF 123. The Court ruled on all pending motions but the certification motion, and Chief Judge Altonaga, on Judge Cooke's behalf, then ordered the parties to re-brief that issue so the parties could address the impact of the Court's other orders on certification. ECF 130, 138, 142, 150, 151, 152. Judge Cooke likewise referred the renewed certification motion to the Magistrate Judge for a report and recommendation. ECF 156. The matter was then reassigned to this Court with the renewed certification motion still pending and referred to the Magistrate Judge for a report and recommendation. ECF 187.

Good cause exists to permit Ritz-Carlton to file the attached Sur-Reply. Specifically, Ritz-Carlton seeks to submit this additional briefing to respond to the following:

- For the first time in Reply, Plaintiff argues contrary to law that a jury can simply "sample" menus and receipts provided to Ritz-Carlton customers. Ritz-Carlton should be allowed to respond to this novel sampling theory, which is contrary to law and does not solve Plaintiff's predominance problems in any event. *See, e.g.*, *Villarino v. Pacesetter Pers. Serv.*, 2022 WL 2308701, at *5 (S.D. Fla. May 20, 2022) (Singhal, J.) (concluding that "individual questions predominate" and denying certification).

- For the first time in Reply, Plaintiff misstates both the evidentiary and procedural record in this case. He attempts to revive his *per se* FDUTPA claim, which this Court has already rejected. And he claims Ritz-Carlton relies on "a mere 21 receipts" when the actual number is well over 200. Ritz-Carlton should be permitted to respond to the Reply's entirely new legal arguments and misstatements of the record.

1

- For the first time in Reply, Plaintiff misstates the law and invites the Court to commit reversible error by ignoring binding Eleventh Circuit authority that requires the Court to account for individualized issues of standing.

- After Ritz-Carlton filed its opposition, new case law was published confirming that Plaintiff cannot prove typicality or adequacy, because disputes about his individual claims and "multiple contradictions in [the named Plaintiff's] testimony" will "become a major focus" of the trial, resulting "in less attention" to class issues. *Trim v. Mayvenn*, 2022 WL 17584237, at *2 (N.D. Cal. Dec. 12, 2022).

In sum, given that Plaintiff "raises new arguments in [his] reply brief," Ritz-Carlton respectfully requests leave to file the attached Sur-Reply[1] to ensure that it has an opportunity to fairly respond. *See First Specialty Ins. v. 633 Partners*, 300 F. App'x 777, 788 (11th Cir. 2008); *see also Owens v. Metro. Life Ins.*, 323 F.R.D. 411, 414 (N.D. Ga. 2017) (sur-replies appropriate "where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review"); *Baltzer v. Midland Credit*, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence"); *see also* L.R. 7.1(c)(1) (a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum of opposition"). Indeed, this is not the first time Plaintiff raised new matters in a reply regarding certification. He did so in his reply in support of the original certification motion. The Court thus granted Ritz-Carlton the opportunity to respond in a sur-reply, underscoring that the Court should do so again here. ECF 97 (motion for leave to file sur-reply regarding original certification motion); 112 (granting motion for leave), 113 (sur-reply regarding original certification motion).

Respectfully submitted this 10th day of February, 2023.

/s/ Peter F. Valori
Peter F. Valori
Florida Bar No. 43516

---

[1] The Sur-Reply is attached as Exhibit 1 pursuant to CM/ECF Administrative Procedures Rule 3I(1), which states in relevant part that "[i]f a document to be filed requires a motion requesting leave of Court . . . the proposed document shall be submitted as a PDF attachment to the motion."

2

DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
T: (305) 371-3960
F: (305) 371-3965
E: pvalori@dvllp.com

Ryan D. Watstein
Florida Bar No. 93945
Alexander D. Terepka (*pro hac vice*)
KABAT CHAPMAN & OZMER LLP
17th Street NW, Suite 1550
Atlanta, Georgia 30363
T: (404) 400-7300
F: (404) 400-7333
E: rwatstein@kcozlaw.com
E: aterepka@kcozlaw.com

*Counsel for The Ritz-Carlton Hotel Company, LLC*

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Ritz-Carlton certifies that it has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so. No other parties or non-parties will be affected by the relief sought in this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: /s/ *Peter F. Valori*
Peter F. Valori