UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-24284-SINGHAL/REID

**MICHAEL FOX**,
on behalf of himself and all
others similarly situated,

   *Plaintiff*,

  v.

**THE RITZ-CARLTON
HOTEL COMPANY, LLC,**

   *Defendant*.

---

**ADDITIONAL BRIEFING IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY PETER VALORI**

Dated: February 13, 2023

**SMITHMARCO, P.C.**
David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Ct.
Sarasota, Florida 34240
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600

**LEWIS SAUL & ASSOCIATES, P.C.**
Lewis J. Saul (*pro hac vice*)
Edward A. Coleman (*pro hac vice*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450

*Attorneys for Plaintiff and the Class*

## I.   INTRODUCTION

A magistrate judge has the inherent authority to determine with finality any pretrial matter delegated by the district court that is not dispositive of a party's charge, claim, or defense. This authority is derived from the Federal Magistrates Act, the local rules of the Southern District of Florida regarding magistrate judges, and case law regarding the inherent powers of judges. The lack of binding precedent specifically on point regarding the power of a magistrate to order reassignment of a case to another magistrate has less to do with any doubt about the authority of a magistrate and more to do with the exceptional circumstances of the present situation.

If the Court determines Mr. Valori should be disqualified for entering an appearance in the case that resulted in Judge Damian's recusal, and that reassignment to Judge Damian is appropriate, Judge Reid can use the broad authority of a magistrate to issue rulings on non-dispositive matters to order that the case be reassigned. Doing so will return the case to the status quo before Mr. Valori entered his appearance and will avoid duplicative judicial efforts, as Judge Damian was fully immersed in the litigation and issued nearly all of the substantive rulings in the case. Reassigning the case to Judge Damian would also result in the District Judge-Magistrate pairing intended in this District in light of the reassignment of this case to the docket of Judge Singhal, who is paired by default with Judge Damian in cases in Miami.

Judge Damian's rulings have established the legal rubric that will frame the eventual decision on class certification. Returning the case to Judge Damian, either by direct reassignment ordered by Judge Reid or through a Report and Recommendation to the District Judge that the case be reassigned, ensures the efficient management of judicial resources and avoids the appearance of manipulating the judicial assignment process that Mr. Valori's appearance caused.

## II. ARGUMENT

### A. Magistrate Judge Reid Has Authority To Reassign The Case

The Federal Magistrates Act authorizes magistrate judges, upon delegation from the district court or a district judge, to "hear and determine with finality 'any pretrial matter pending before the court' not dispositive of a party's charge, claim, or defense." PETER G. MCCABE, FED. BAR ASS'N, A GUIDE TO THE FEDERAL MAGISTRATE JUDGES SYSTEM 57 (2016) (citing 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a)). The rules of the Southern District explicitly confer the same broad authority to magistrate judges as the federal statute, stating a magistrate "may hear and determine any procedural or discovery motion or other pretrial matter in a civil or criminal case" other than certain specific motions inapplicable here. S.D. Fla. Magis. R. 1(c). This authority includes the power to issue an order disqualifying counsel. *See Affeldt v. Carr*, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985); *Austin v. Investors Title Ins. Co.*, 2009 U.S. Dist. LEXIS 134556, at *1 & n. 1 (M.D. Fla. June 24, 2009); *Kobarid Holdings, S.A. v. Reizen*, 2005 U.S. Dist. LEXIS 57089, at *1 & n. 1 (S.D. Fla. March 31, 2005).

The breadth of magistrate judges' authority over non-dispositve motions is vast, as shown by magistrates in this District that have issued orders on motions to transfer venue. *See Abreu v. Pfizer, Inc.*, 2022 U.S. Dist. LEXIS 28133, at *33 (S.D. Fla. Feb. 16, 2022); *United States v. Dimaria*, 2018 U.S. Dist. LEXIS 35834, at *23 (S.D. Fla. Mar. 6, 2018). Since ordering a transfer of venue results in a case being entirely removed from the assigned Article III district judge, such orders are arguably more substantial exercises of judicial authority than reassigning a case to the original magistrate. It necessarily follows that if a magistrate judge disqualifies counsel due to an improper appearance that resulted in the original magistrate judge's recusal, the magistrate delegated to determine the motion to disqualify counsel and reassign the case has the inherent

authority to return the case to the status quo and order reassignment to the original magistrate.

Plaintiff's non-dispositive motion seeking the disqualification of Mr. Valori and reassignment of the case to Judge Damian was referred by the District Judge to Judge Reid. ECF 170. By referring the motion, the Court has delegated Judge Reid to determine with finality the issues presented. *See* 28 U.S.C. § 636(b)(1)(a). Thus, Judge Reid has full authority to return the case to the status quo before Mr. Valori's improper appearance that resulted in Magistrate Judge Damian's recusal. It should be noted that ordering reassignment of the case to Judge Damian would also result in pairing newly assigned District Judge Singhal with the magistrate to which he is paired by default in cases in Miami. *See In re: Amended Magistrate Judge Pairing Assignment Plan for Miami, Fort Lauderdale, West Palm Beach, Fort Pierce and Key West*, Admin. Order 2023-9 (S.D. Fla. Jan. 27, 2023) (listing Judge Damian as the magistrate judge paired to Judge Singhal for Miami cases).

### B. Magistrate Judge Reid Can Issue A Report and Recommendation for Reassignment

If there remains any doubt as to the authority of a magistrate to order reassignment of a case to another magistrate, an alternative with more certainty would be to issue a Report and Recommendation to Judge Singhal for the reassignment to be made. A district judge has the authority to reassign a case before them to another judge; the Eleventh Circuit has stated that district judges "may by rule, order or consent transfer cases between themselves." *United States v. Musselwhite*, 709 Fed. Appx. 958, 967 (11th Cir. 2017). *See also Hunters Run Apts. Ltd. v. WCA Waste Corp.*, 2016 U.S. Dist. LEXIS 194212, at *13 (N.D. Fla. Apr. 25, 2016) (District Judge ordering disqualification of counsel and referral of the case back to initial District Judge); *UCP Int'l Co. Ltd. et al v. Balsam Brands Inc. et al*, No. 3:16-cv-07255 (N.D. Cal.) at ECF 106 (referring case back to original judge on same date as new counsel was disqualified).

3

In a case upholding such a reassignment, the Eleventh Circuit grounded the power to transfer a case in district judges' "inherent authority to manage the district court docket and reassign the case to a judge who had presided over a prior related case." *James v. Hunt*, 761 Fed. Appx. 975, 980 (11th Cir. 2018). District courts within the Eleventh Circuit have recognized a district judge's inherent authority to make reassignment decisions, even when declining to reassign. *See Jumlist v. Prime Ins. Co.*, 2021 U.S. Dist. LEXIS 252531, at *1-2 (N.D. Ga. Jun. 23, 2021) (stating the "Eleventh Circuit has made clear that district courts have the inherent authority to manage their dockets, which includes wide discretion to deny or grant a motion to reassign.").

There is no question, then, that a district judge has the authority to reassign a case to another judge. Based on the same broad inherent authority to manage their dockets, district judges can also order reassignment of a case from one magistrate to another. *See Musselwhite*, 709 Fed. Appx. At 967; *James*, 761 Fed. Appx. At 980. While Plaintiff contends a magistrate judge has the inherent authority to order reassignment, magistrates within the Eleventh Circuit have erred on the side of caution and made recommendations to district judges when there was some question as to the magistrate's authority due to a lack of clear precedent. *See Herndon v. AJ Servs. Joint Venture I, LLP*, 2015 U.S. Dist. LEXIS 194449, at *25 (N.D. Ga. Nov. 30, 2015) In *Herndon*, the magistrate judge stated that while generally persuaded "that transferring venue is a non-dispositive matter, the Court concludes that recommending transfer as opposed to ordering transfer is the prudent course in light of the lack of controlling circuit precedent" and that the matter was "more appropriately ordered by an Article III judge." *See id*. at n. 1.

In another case within the Eleventh Circuit involving issues of a district judge's recusal due to defense counsel's firm hiring the judge's family member on the eve of a scheduled trial, a magistrate judge issued a combined Order and Report and Recommendation. *See Goldsmith v.*

4

*Bagby Elevator Co.*, 2006 U.S. Dist. LEXIS 103802, at *1 (N.D. Ala. Apr. 14, 2006). Rather than issue an order on all matters before the court, the magistrate instead (1) ordered that plaintiff's requested relief to structure the terms of the attorney's employment so as not to cause the recusal of the district judge be denied, (2) concluded that the district judge "must recuse himself from this case based on binding Eleventh Circuit precedent," and (3) recommended that a district judge order that defense counsel and the attorney related to the district judge pay to plaintiff's attorneys and the court costs that were incurred by delays in the case due to the district judge's recusal. *See id.* at *18. Since the district judge did not specifically empower the magistrate to take any steps outside the district's Standing Order regarding judicial recusals, the magistrate stated the portion of the court's opinion related to the payment of fees by defense counsel "is entered as a report and recommendation in the belief that it does not have the authority to impose the shifting of these costs without a direct Order of Reference from a United States District Judge." *Id*.

Therefore, if Judge Reid determines reassignment to Judge Damian is appropriate but there remains a question as to her authority to order reassignment, the prudent course in light of the lack of controlling circuit precedent may be to recommend reassignment and leave that determination to the unquestioned authority of Judge Singhal in his role as an Article III judge.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to disqualify Peter Valori and either order the case be reassigned to Magistrate Judge Damian or, in the alternative, recommend reassignment of the case to Judge Damian for the District Judge's determination, and any further relief the Court deems appropriate.

5

Dated: February 13, 2023

Respectfully submitted,

*s/ David M. Marco*
**SMITHMARCO, P.C.**
David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Ct.
Sarasota, Florida 34240
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Lewis J. Saul (*pro hac vice*)
Edward A. Coleman (*pro hac vice*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
lsaul@lewissaul.com
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Classes*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

*/s/ David M. Marco*
David M. Marco