UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-24284-SINGHAL/REID

MICHAEL FOX, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL
COMPANY, LLC,

    Defendant.

**DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. VALORI'S SUBSTANTIVE INVOLVEMENT PRECLUDES REASSIGNMENT ............ 2

III. THIS DISTRICT'S RULES PRECLUDE REASSIGNMENT TO AN ALREADY-
RECUSED JUDGE HERE .................................................................................................... 3

IV. THE COURT SHOULD DENY THE MOTION BECAUSE IT CANNOT GRANT THE
RELIEF PLAINTIFF SEEKS ............................................................................................... 5

V. CONCLUSION ..................................................................................................................... 5

**I.      INTRODUCTION**

After oral argument on Plaintiff's motion to disqualify, the Court requested supplemental briefing on the question of whether, *if* it disqualifies Mr. Valori, it may reassign the case to Judge Damian to provide a recommendation on the pending certification motion.  In short, the answer is no.  Neither the federal recusal statute, Local Rules, or Internal Operating Procedures authorize the Court to effectively overrule another judge's recusal decision.  Rather, they prohibit it.  So does binding Court of Appeal authority (the *Fredonia Broadcasting* case discussed below).  In any event, Mr. Valori has been substantively involved in the case for more than *four months*, including on Ritz-Carlton's Opposition and Sur-Reply to Plaintiff's pending Renewed Certification Motion. Disqualifying him would not erase his involvement and thus could not cure the apparent reasons that prompted Judge Damian's recusal, independently precluding reassignment.

The impossibility of reassignment is also good reason for the Plaintiff's motion to be denied.  Because disqualifying Mr. Valori would have no impact on the assigned judicial officers, granting the motion would serve no purpose, other than to deny Ritz-Carlton representation by its chosen and uniquely qualified counsel.  The case should instead simply continue in this Court with Mr. Valori involved.  Also, any recommendation on the pending certification motion would be reviewed *de novo* by the District Judge, further underscoring that disqualification should be denied.

The fact that Plaintiff is seeking an impossible reassignment (and a pointless disqualification), suggests the motion has an ulterior motive: Attempting to malign Ritz-Carlton and its counsel to distract from the meritlessness of the renewed certification motion.  Whatever the case may be, the "potential for strategic abuse" of which the Eleventh Circuit warned is apparent from Plaintiff's motion. The motion should be denied.  *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (noting that "motions to disqualify are subject to exacting review because

of potential for strategic abuse," so movant has "heavy burden").

## II. VALORI'S SUBSTANTIVE INVOLVEMENT PRECLUDES REASSIGNMENT

Mr. Valori has been substantively involved in this matter for more than four months. He noticed his appearance last November, and was involved for several weeks before that. ECF 163. He has been substantively involved ever since. He provided significant substantive content to Ritz-Carlton's Opposition and Sur-Reply to the pending Renewed Certification Motion, for example, and thus signed them. ECF 172; ECF 192. And Ritz-Carlton has made other strategic decisions based on Mr. Valori's advice in the four months since he joined the team.

The foregoing circumstances preclude reassignment to Judge Damian. She recused pursuant to § 455(a) because her "impartiality might reasonably be questioned" following Mr. Valori's appearance in the case. ECF 165. Disqualifying Mr. Valori cannot retroactively erase his substantive involvement in the case over many months, and it cannot erase his involvement with Ritz-Carlton's litigation planning, and his participation in the preparation of, and signature on, briefing related to the Renewed Certification motion either. A case cannot be reassigned to a judicial officer that decided to recuse, under binding[1] authority: When, as here, it has been determined that "the impartiality of the judge" could be "reasonably questioned" and recusal is required, it is "clear" that "the propriety of continuing the proceedings before this . . . judge" is "irrevocably tainted." *Fredonia Broad. v. RCA*, 569 F.2d 251, 255 (5th Cir. 1978), *other immaterial holdings superseded by state law as recognized in Riquelme v. Leisure Res.*, 810 F.2d 1345, 1350 (5th Cir. 1987)). Because of this "irrevocabl[e]" issue, a recusal must stand even when a lawyer withdraws from the representation. *Id.* (explaining that "judge could not remain in the

---

[1] The Eleventh Circuit "adopted as binding precedent all of the decisions of the former Fifth Circuit" from before "September 30, 1981." *BellSouth*, 334 F.3d at 944 n.1.

2

case" after former law clerk became counsel even though clerk withdrew, and remanding for new trial before another judge).

### III. THIS DISTRICT'S RULES PRECLUDE REASSIGNMENT TO AN ALREADY-RECUSED JUDGE HERE

The federal recusal statute (28 U.S.C § 455) does not authorize the Court to overrule another judge's decision to recuse by reassigning the case to the same judge. Although Judge Damian did not explain detailed reasons for the recusal, the order cited § 455(a), which requires recusal if a judge determines that his or her "impartiality might reasonably be questioned." ECF 165 (recusal order); 28 U.S.C § 455(a). Reassigning the case back would effectively reverse her decision. And there is no statutory authority for a reversal of that kind. *See In re Drexel*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confided in the district judge in the first instance to determine whether to disqualify [herself]."); *Schurz v. F.C.C.*, 982 F.2d 1057, 1062 (7th Cir. 1992) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.") (cit. omitted).

Nor do the Court's Local Rules or its Internal Operating Procedures authorize reassignment. Just the opposite—the Internal Operating procedures prohibit such reassignment. They provide: "[i]n the event of recusal in any matter, the assigned Judge shall enter the fact of recusal on the record and refer the matter to the Clerk of the Court for **permanent reassignment** to another Judge in accordance with the blind random assignment system." IOP 2.16.00. In other words, once a judge recuses from a case, the procedures prohibit the reassignment of the recused judge to that case. *See id.* Anticipating such permanent reassignments may sometimes occur "two years or more" into the proceedings, as here, the Internal Operating Procedures permit the receiving judge to "transfer a like case to the recusing judge." IOP 2.16.01. They do not, however, allow the receiving judge to reassign the same case to the recusing judge. *See id.*; IOP 2.16.00

3

(requiring a "blind random assignment system").

This District's rules show that this case is the opposite of the cases on which Plaintiff relies for his motion, like *BellSouth*, 334 F.3d at 945.  That case involved a "troubling" pattern of more than a dozen recusals in the Northern District of Alabama so egregious that the district adopted a "Standing Order" to address it.  The order provided that the appearance of new counsel resulting in a recusal is "ineffective" unless the court granted "leave" for the new appearance.  *Id.*  The Standing Order thus prevented a new attorney from being substantively involved in the case until the court said otherwise.

This District doesn't have that.  It has a system for a blind, "permanent reassignment" after recusal.  IOP 2.16.00.  Nor is there a need in this District for a standing order like in *Bellsouth*.  There is no "troubling" pattern here (this is Mr. Valori's first appearance in a matter assigned to Judge Damian).  So Mr. Valori was allowed to appear by filing a notice last November and has been substantively involved ever since.  And consistent with the District's system for "permanent reassignment," the case cannot now be sent back to an already-recused judge.  IOP 2.16.00.

The few cases that permitted reassignment likewise confirm it should denied here for these reasons.  For example, *Hunters Run v. WCA Waste*, involved the Northern District of Alabama's Standing Order, so the new lawyer who was not permitted to make an appearance did not have any substantive involvement in the case.  2016 WL 9086970, at *4 (N.D. Ala. Apr. 25, 2016).  And *UCP International v. Balsam Brand*, involved a pattern of judicial recusal based on mid-litigation appearances by the judge's former firm in a district with a local rule specifically authorizing the *sua sponte* direct referral back to the recused judge.  261 F. Supp. 3d 1056, 1058 (N.D. Cal. 2017); N.D. Cal. Local Rule 3-12(c).  None of that applies here.  Rather, as another district with rules similar to this District recently put it, "even if there were a basis to recuse or reassign, this court

4

does not have the authority to reassign a case directly to another [judge].  Rather, it would result in a random reassignment to another judge, resulting in a further investment of judicial resources." *See Smart Commc'ns, Holding, Inc. v. Glob. Tel-Link*, 590 F. Supp. 3d 758, 767 (M.D. Pa. 2022).

**IV.     THE COURT SHOULD DENY THE MOTION BECAUSE IT CANNOT GRANT THE RELIEF PLAINTIFF SEEKS**

Given that the Court cannot grant the reassignment Plaintiff seeks, the motion to disqualify should be denied. *See U.S. v. Slater*, 2012 WL 1795231, at *1 (S.D. Fla. Apr. 18, 2012) (recommending denial of motion where "relief sought is impermissible"), *report and recommendation adopted*, 2012 WL 1795235 (S.D. Fla. May 17, 2012), *aff'd,* 509 F. App'x 894 (11th Cir. 2013).  Disqualifying Mr. Valori, and thus depriving Ritz-Carlton its choice of counsel and Mr. Valori of the right to practice his profession, would be pointless:  The case could not go back to an already-recused judge.  It would instead proceed before a judicial officer who *can* preside with Mr. Valori involved.  That judicial officer will reach the same result, and be reviewed *de novo* (however decided), by the same District Court judge.

The impossibility of the relief Plaintiff seeks also underscores the "potential for strategic abuse" from the motion.  Seeking a reassignment that can't be granted and a pointless disqualification suggests an ulterior motive, like maligning Ritz-Carlton and its counsel to distract from the merits, including the meritlessness of the Renewed Certification Motion.  The Eleventh Circuit warned against precisely this "potential for strategic abuse" from disqualification motions, which is another good reason that the motion should be denied.  *BellSouth*, 334 F.3d at 961.

**V.      CONCLUSION**

In sum, the applicable statutes, case law, and rules, as well as Mr. Valori's more than four months of substantive involvement (including on the Renewed Certification Motion) precludes reassignment back to a judge who has already recused.  The motion to disqualify should be denied.

Respectfully submitted this 13th day of February, 2023.

| | |
|---|---|
| */s/ Ryan D. Watstein* | */s/ Peter F. Valori* |
| Ryan D. Watstein | Peter F. Valori |
| Florida Bar No. 93945 | Florida Bar No. 43516 |
| Alexander D. Terepka (*pro hac vice*) | DAMIAN & VALORI LLP |
| KABAT CHAPMAN & OZMER LLP | 1000 Brickell Avenue, Suite 1020 |
| 17th Street NW, Suite 1550 | Miami, Florida 33131 |
| Atlanta, Georgia 30363 | T: (305) 371-3960 |
| T: (404) 400-7300 | F: (305) 371-3965 |
| F: (404) 400-7333 | E: pvalori@dvllp.com |
| E: rwatstein@kcozlaw.com | |
| E: aterepka@kcozlaw.com | |

*Counsel for The Ritz-Carlton Hotel Company, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Peter F. Valori*
Peter F. Valori